1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal. Bar No. 168646
2  BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
   ALYSSA M. SHAUER, Cal. Bar No. 318359
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
4  Telephone:    310.228.3700
   Facsimile:    310.228.3701
5  Email         ccardon@sheppardmullin.com
                 baigboboh@sheppardmullin.com
6                ashauer@sheppardmullin.com

7  *Attorneys for Defendant*
   LENOVO (UNITED STATES) INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>Defendant. | Case No. 4:21-cv-06770-JSW<br><br>*Assigned to the Hon. Jeffrey S. White*<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Proposed Order submitted concurrently herewith*]<br><br>Hearing:<br>Date:      January 14, 2022<br>Time:      9:00 a.m.<br>Courtroom: 5<br><br>Complaint Filed: August 31, 2021<br>Trial Date:      None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2022 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 on the 17th floor of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, the Honorable Jeffrey S. White presiding, Defendant Lenovo (United States) Inc. ("Lenovo") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the equitable claims and demands in the *Class Action Complaint* (the "*Complaint*") filed by Plaintiffs Andrew Axelrod and Eliot Burk (collectively, "Plaintiffs").

Lenovo's *Motion to Dismiss* (the "*Motion*") is made on the ground that the *Complaint*'s equitable claims for violation of California's False Advertising Law, violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, and unjust enrichment – and prayer for the equitable remedies of restitution and injunctive relief – are subject to dismissal because the *Complaint* does not plausibly allege that Plaintiffs lack an adequate remedy at law.

The *Motion* is based on this *Notice of Motion* and *Motion*, the attached *Memorandum of Points and Authorities*, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as the Court may consider.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: November 15, 2021  By  */s/ Benjamin O. Aigboboh*
P. CRAIG CARDON
BENJAMIN O. AIGBOBOH
ALYSSA M. SHAUER

*Attorneys for Defendant*
LENOVO (UNITED STATES) INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND ...........................1

    A. Plaintiffs' Alleged Purchases ...................................................................1

    B. Plaintiffs' *Complaint* ................................................................................2

III. APPLICABLE LEGAL STANDARD ..........................................................................2

IV. THE *MOTION TO DISMISS* SHOULD BE GRANTED ..............................................3

    A. Plaintiffs' Equitable Claims Should Be Dismissed Because The *Complaint* Does Not Plausibly Allege Plaintiffs Lack An Adequate Legal Remedy ..................3

V. CONCLUSION .........................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009) ..................................................................................................................2

*Banks v. R.C. Bigelow, Inc.*
 No. 20-cv-06208 DDP, 2021 U.S. Dist. LEXIS 84385 (C.D. Cal. May 3, 2021) ................ 3, 4

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544 (2007) ..................................................................................................................2

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*
 No. 20-cv-03131-JSC, 2021 U.S. Dist. LEXIS 59875 (N.D. Cal. Mar. 29, 2021) ....................4

*Clark v. Am. Honda Motor Co.*
 No. CV 20-03147-AB, 2021 U.S. Dist. LEXIS 64520 (C.D. Cal. Mar. 25, 2021)....................4

*Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Capital, LLC*
 No. CV 20-04149 DDP, 2021 U.S. Dist. LEXIS 149146 (C.D. Cal. Aug. 6, 2021) ................3

*Gardiner v. Walmart Inc.*
 No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251 (N.D. Cal. July 28, 2021)
 (White, J.) ..................................................................................................................................3

*Gardiner v. Walmart Inc.*
 No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5, 2021) (White,
 J.) ...............................................................................................................................................4

*Gibson v. Jaguar Land Rover N. Am.*
 No. CV 20-00769-CJC, 2020 U.S. Dist. LEXIS 168724 (C.D. Cal. Sept. 9, 2020)............. 3, 5

*In re Macbook Keyboard Litig.*
 2020 U.S. Dist. LEXIS 190508 (N.D. Cal. Oct. 13, 2020) .......................................................5

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*
 339 F.3d 1087 (9th Cir. 2003)...................................................................................................3

*Navarro v. Block*
 250 F.3d 729 (9th Cir. 2001).....................................................................................................2

*Rodriguez v. Just Brands USA, Inc.*
 No. 2:20-CV-04829-ODW, 2021 U.S. Dist. LEXIS 94413 (C.D. Cal. May 18, 2021)............5

*Sharma v. Volkswagen AG*
 No. 20-cv-02394-JST, 2021 U.S. Dist. LEXIS 47250 (N.D. Cal. Mar. 9, 2021) .....................5

*Shay v. Apple Inc.*
  No. 20-cv-1629-GPC (BLM), 2021 U.S. Dist. LEXIS 84415 (S.D. Cal. May 3, 2021) .......... 4

*Sonner v. Premier Nutrition Corp.*
  971 F.3d 834 (9th Cir. 2020) ................................................................................ 1, 3, 4, 5

*TopDevz, LLC v. LinkedIn Corp.*
  No. 20-cv-08324-SVK, 2021 U.S. Dist. LEXIS 145186 (N.D. Cal. Aug. 3, 2021) .................. 4

*Watkins v. MGA Entm't, Inc.*
  No. 21-cv-00617-JCS, 2021 U.S. Dist. LEXIS 138888 (N.D. Cal. July 26, 2021) .................. 4

*Williams v. Apple, Inc.*
  No. 19-CV-04700-LHK, 2020 U.S. Dist. LEXIS 215046 (N.D. Cal. Nov. 17, 2020) ......... 3, 5

*Williams v. Tesla, Inc.*
  No. 20-cv-08208-HSG, 2021 U.S. Dist. LEXIS 115279 (N.D. Cal. June 21, 2021) ................ 3

**Statutes**

Cal. Bus. & Prof. Code §§ 17500 *et seq.* ....................................................................... 2

Cal. Bus. & Prof. Code § 17501 ..................................................................................... 2

Cal. Civ. Code § 1780(a) ................................................................................................ 3

California's False Advertising Law ........................................................................... passim

California's Unfair Competition Law ........................................................................ passim

Consumers Legal Remedies Act ........................................................................... 2, 3, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs Andrew Axelrod ("Axelrod") and Eliot Burk ("Burk" and, collectively with Axelrod, "Plaintiffs") each purchased a laptop from Defendant Lenovo (United States) Inc. ("Lenovo") because they allegedly believed they were a receiving a discount from the laptop's advertised "regular price." The *Class Action Complaint* ("*Complaint*") alleges that the advertised "regular price" was not, in fact, the laptop's "true regular price" and Plaintiffs did not, in fact, receive the deal they believed they were receiving. Based on these allegations, the *Complaint* asserts legal claims (*e.g.*, breach of contact) and seeks legal remedies (*e.g.*, damages). Based on the same allegations, the *Complaint* also asserts equitable claims (*e.g.*, violation of California's Unfair Competition Law ("UCL"), violation of California's False Advertising Law ("FAL")) and seeks equitable remedies (*e.g.*, restitution, injunctive relief) – ***without alleging (plausibly or otherwise) that the legal remedies Plaintiffs seek are inadequate to remedy their alleged injuries*** (*i.e.*, overpayment of money). As the Ninth Circuit recently made clear in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), however, a plaintiff cannot pursue equitable claims or remedies if he has an adequate remedy at law. Under *Sonner* and its progeny, because the *Complaint* does not allege that Plaintiffs lack an adequate remedy at law, Plaintiffs' equitable claims and equitable remedies must be dismissed. Perhaps more starkly here than in *Sonner*, a remedy at law could not be inadequate since the alleged conduct relates to one thing – ***price***, not the nature of the product. Price is inherently subject to a remedy at law.

## II. RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Alleged Purchases

On September 5, 2019, Burk allegedly accessed Lenovo's website available at the domain www.lenovo.com (the "Website") and purchased a laptop. Dkt. 1 ¶ 87. The Website allegedly "offered [the laptop] for sale for $1,189, and represented to Burk that he would save $1,170 off the Web Price of $2,359.00" if he used an eCoupon. *Id*. ¶ 88. Burk, allegedly understanding the $2,359.00 "Web Price" to be the laptop's "regular price" and after obtaining "an additional five percent discount," purchased the laptop for $1,129.55 because he was "[e]nticed by the idea of

paying significantly less than [the] regular price…." *Id*. ¶¶ 89-96. The *Complaint* alleges, however, that, "prior to [Burk's] purchase, … Lenovo did not sell the [laptop] for $2,539 for a reasonably substantial period of time, if at all." *Id*. ¶ 98.

Similarly, on January 1, 2021, Axelrod allegedly accessed the "Website and purchased a laptop. *Id.* ¶ 75. The Website allegedly "offered [the laptop] for sale for $949.99, and represented to Axelrod that he would save $1,329.01 off the Web Price of $2,279.00" if he used an eCoupon. *Id*. ¶ 76. Axelrod, allegedly understanding the $2,279.00 "Web Price" to be the laptop's "regular price," purchased the laptop for $949.00 because he was "[e]nticed by the idea of paying significantly less than [the] regular price…." *Id*. ¶¶ 77-82. The *Complaint* alleges, however, that, "prior to [Axelrod's] purchase, … Lenovo did not sell the [laptop] for $2,279 for a reasonably substantial period of time, if at all." *Id*. ¶ 85.

**B.     Plaintiffs' *Complaint***

Plaintiffs filed the *Complaint* on August 31, 2021. *Id.* In it, Plaintiffs assert the following causes of action on behalf of putative national and California classes: (1) breach of contract; (2) breach of express warranty; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) unjust enrichment; (6) violation of the FAL (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); (7) violation of the FAL (Cal. Bus. & Prof. Code § 17501); (8) violation of the Consumers Legal Remedies Act ("CLRA"); and (9) violation of the UCL. *Id.* ¶¶ 108-202. The *Complaint* prays for, *inter alia*, injunctive relief under the FAL, CLRA, and UCL, restitution, actual damages, and punitive damages. *Id*. at Prayer for Relief.

### III.     APPLICABLE LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted when the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor do "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, … suffice." *Id*. Dismissal is proper where "there is no cognizable legal theory or an absence of facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

# IV. THE *MOTION TO DISMISS* SHOULD BE GRANTED

## A. Plaintiffs' Equitable Claims Should Be Dismissed Because The *Complaint* Does Not Plausibly Allege Plaintiffs Lack An Adequate Legal Remedy

Recent Ninth Circuit law holds that plaintiffs cannot pursue equitable claims unless they (at minimum) plausibly allege that they lack an adequate remedy at law. *See*, *e.g.*, *Sonner*, 971 F.3d at 844 ("a complaint seeking equitable relief" that does "not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law'" fails) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)); *Banks v. R.C. Bigelow, Inc.*, No. 20-cv-06208 DDP (RAOx), 2021 U.S. Dist. LEXIS 84385, at *15 (C.D. Cal. May 3, 2021) ("District court[] cases following *Sonner* have dismissed equitable claims for failure to allege an inadequate remedy at law") (collecting cases). Courts in the Ninth Circuit – including this Court – have confirmed that this rule applies to UCL, FAL, and unjust enrichment claims – which are equitable in nature – and CLRA claims seeking equitable relief (*e.g.*, restitution, injunctive relief).[1] *See*, *e.g.*, *Sonner*, 971 F.3d at 845 (affirming dismissal of claims for equitable restitution under the UCL and CLRA); *Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Capital, LLC*, No. CV 20-04149 DDP (RAOx), 2021 U.S. Dist. LEXIS 149146, at **8-9 (C.D. Cal. Aug. 6, 2021) (dismissing UCL and FAL claims); *Gardiner II*, 2021 U.S. Dist. LEXIS 211251, at *24 (dismissing with prejudice unjust enrichment and UCL claims and prayer for equitable relief); *Williams v. Tesla, Inc.*, No. 20-cv-08208-HSG, 2021 U.S. Dist. LEXIS 115279, at **19-22 (N.D. Cal. June 21, 2021) (dismissing claims for restitution and injunctive relief under the CLRA, UCL, and FAL); *Banks*, 2021 U.S. Dist. LEXIS 84385, at **15-16 (dismissing "equitable claims under the UCL, FAL, and unjust enrichment");

---

[1] The UCL and FAL – which authorize only equitable relief in the form of injunctive relief and/or restitution – are "equitable, rather than legal, in nature." *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 U.S. Dist. LEXIS 215046, at *24 (N.D. Cal. Nov. 17, 2020) (quoting *Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 9 Cal. 5th 279, 299 (2020)). Similarly, unjust enrichment is "an equitable rather than a legal claim." *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003); *see also Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251, at *19 (N.D. Cal. July 28, 2021) (White, J.) ("*Gardiner II*"). The CLRA authorizes both equitable relief – in the form of an injunction and/or restitution – and legal remedies. Cal. Civ. Code § 1780(a); *Gibson v. Jaguar Land Rover N. Am.*, No. CV 20-00769-CJC (GJSx), 2020 U.S. Dist. LEXIS 168724, at *10 (C.D. Cal. Sept. 9, 2020).

*Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, at **19-21 (N.D. Cal. Mar. 5, 2021) (White, J.).

Here, the *Complaint* asserts equitable FAL, UCL, and unjust enrichment claims and seeks equitable remedies (restitution and injunctive relief) under the CLRA. Dkt. 1 ¶¶ 157-202, Prayer for Relief. The *Complaint*, however, does not allege (explicitly or otherwise) that Plaintiffs lack an adequate remedy at law. *See, generally*, Dkt. 1. On the contrary, the *Complaint* repeatedly alleges Plaintiffs have suffered "damages" and "ascertainable loss[es]," and asserts that Plaintiffs seek to recover their "actual damages." *See, e.g., id.* ¶¶ 117, 131, 143, 198, Prayer for Relief. Thus, far from demonstrating Plaintiffs lack adequate legal remedies, the *Complaint* concedes they have been damaged and seeks legal remedies (damages) to redress that harm. As *Sonner* and its progeny demonstrate, these facts require dismissal of Plaintiffs' equitable FAL, UCL, and unjust enrichment claims and prayer for the equitable remedies of restitution and injunctive relief. *See, e.g., TopDevz, LLC v. LinkedIn Corp.*, No. 20-cv-08324-SVK, 2021 U.S. Dist. LEXIS 145186, at **14-15 (N.D. Cal. Aug. 3, 2021) (dismissing UCL claim where plaintiffs sought "damages under various causes of action" and did not "allege that the damages they seek are inadequate or otherwise distinguish their request for restitution from the request for damages"); *Watkins v. MGA Entm't, Inc.*, No. 21-cv-00617-JCS, 2021 U.S. Dist. LEXIS 138888, at **50-51 (N.D. Cal. July 26, 2021) (dismissing plaintiffs' claims for equitable relief under the UCL and CLRA for failure to allege "facts establishing that their remedies at law are inadequate"); *Shay v. Apple Inc.*, No. 20-cv-1629-GPC (BLM), 2021 U.S. Dist. LEXIS 84415, at **5-12 (S.D. Cal. May 3, 2021) (dismissing UCL claim and equitable relief plaintiff sought in CLRA claim); *Banks*, 2021 U.S. Dist. LEXIS 84385, at **15-16 (dismissing with prejudice plaintiffs' "equitable claims under the UCL, FAL, and unjust enrichment and request for equitable relief" because "[p]laintiffs cannot seek equitable relief absent plausible allegations that they lack an []adequate legal remedy"); *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-cv-03131-JSC, 2021 U.S. Dist. LEXIS 59875, at **27-31 (N.D. Cal. Mar. 29, 2021) (dismissing UCL claim due to failure to allege that they lack an adequate remedy at law); *Clark v. Am. Honda Motor Co.*, No. CV 20-03147-AB (MRWx), 2021 U.S. Dist. LEXIS 64520, at **26-30 (C.D. Cal. Mar. 25, 2021) (dismissing CLRA, UCL, and unjust enrichment claims for

failure to allege lack of an adequate remedy at law); *Sharma v. Volkswagen AG*, No. 20-cv-02394-JST, 2021 U.S. Dist. LEXIS 47250, at *29 (N.D. Cal. Mar. 9, 2021) ("[b]ecause they have not shown that legal remedies are unavailable or inadequate…, [p]laintiffs' CLRA, UCL, and unjust enrichment claims must be dismissed"); *Williams*, 2020 U.S. Dist. LEXIS 215046, at *29 (dismissing FAL and UCL claims with prejudice "like other courts evaluating FAL and UCL claims where plaintiffs have an adequate remedy at law"); *In re Macbook Keyboard Litig.*, 2020 U.S. Dist. LEXIS 190508, at **12-14 (N.D. Cal. Oct. 13, 2020) (dismissing UCL claim in its entirety "and the remaining claims … to the extent they seek an injunction, restitution, or other equitable relief" based on *Sonner*); *Gibson*, 2020 U.S. Dist. LEXIS 168724, at **9-10 (dismissing UCL and CLRA restitution claims because *Sonner* "very recently made clear" that the requirement to establish an inadequate remedy at law "applies to claims for equitable relief under both the UCL and CLRA").

Dismissal should be with prejudice. The *Complaint* does not allege (plausibly or otherwise) that Plaintiffs lack an adequate remedy at law because it cannot. The alleged injury – overpayment due to allegedly false and deceptive reference pricing – is inherently subject to a remedy at law. Indeed, Plaintiffs' legal and equitable claims are based on the same "factual predicates" (*Rodriguez v. Just Brands USA, Inc.,* No. 2:20-CV-04829-ODW (PLAx), 2021 U.S. Dist. LEXIS 94413, at *21 (C.D. Cal. May 18, 2021)) – namely, the alleged use of false or deceptive pricing. *Compare* Dkt. 1 ¶¶ 108-156 *with id.* ¶¶ 157-202. That this is true demonstrates that "no amendment could cure" Plaintiffs' failure to "plausibly allege [they] lack[] an adequate remedy at law," which renders dismissal with prejudice proper. *See*, *e.g.*, *Rodriguez*, 2021 U.S. Dist. LEXIS 9441, at *21 (dismissing claims for restitution with prejudice post-*Sonner* "[b]ecause [p]laintiffs' CLRA, UCL, and FAL claims are all based on the same factual predicates") (citations omitted).

### V. CONCLUSION

For the foregoing reasons, Lenovo respectfully requests that the Court grant the *Motion to Dismiss*, and dismiss Plaintiffs' equitable FAL, UCL, and unjust enrichment claims and prayer for the equitable remedies of restitution and injunctive relief.

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     | SHEPPARD MULLIN RICHTER & HAMPTON LLP | |
| 2   | Dated: November 15, 2021 | By | ____/s/ Benjamin O. Aigboboh____ |
| 3   |     |     | P. CRAIG CARDON |
| 4   |     |     | BENJAMIN O. AIGBOBOH |
|     |     |     | ALYSSA M. SHAUER |
| 5   |     |     |     |
| 6   |     |     | *Attorneys for Defendant* |
|     |     |     | LENOVO (UNITED STATES) INC. |

SMRH:4847-5343-4110.7