SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
baigboboh@sheppardmullin.com
ALYSSA SONES, Cal. Bar No. 318359
asones@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

*Attorneys for Defendant*
LENOVO (UNITED STATES) INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| MARK HERMANSON, CHUN-YU CHEN, and SHUANG LIN, individually and on behalf all others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>LENOVO GROUP LIMITED and LENOVO (UNITED STATES) INC.,<br><br>              Defendants. | Case No. 4:23-cv-05890-JSW<br><br>*Assigned to the Hon. Jeffrey S. White*<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S:**<br><br>**(1)  NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STAY CLASS ACTION COMPLAINT UNDER COURT'S INHERENT AUTHORITY/FIRST-TO-FILE RULE AND, IF NOT DISMISSED AND/OR STAYED IN ITS ENTIRETY, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6); AND**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Benjamin O. Aigboboh*, *Request for Judicial Notice*, and *Proposed Order* submitted concurrently herewith]<br><br>Hearing:<br>Date:          February 16, 2024<br>Time:          9:00 a.m.<br>Courtroom:          5<br><br>Complaint Filed:          November 14, 2023<br>Trial Date:          None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 16, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5 on the 2nd floor of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, the Honorable Jeffrey S. White presiding, Defendant Lenovo (United States) Inc. ("Lenovo") will and hereby does move the Court for an order dismissing and/or staying the *Class Action Complaint* ("*Complaint*") filed by Plaintiffs Mark Hermanson ("Hermanson"), Chun-Yu Chen ("Chen"), and Shuang Lin ("Lin" and, collectively with Hermanson and Chen, "Plaintiffs") pursuant the Court's inherent authority/first-to-file rule, and, if the action is not dismissed and/or stayed in its entirety, for an order dismissing portions of the *Complaint* pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Lenovo's *Motion to Dismiss and/or Stay* (the "*Motion*") is made on the grounds that Hermanson's and Lin's claims are completely duplicative of the claims asserted in the putative class action *Axelrod v. Lenovo (United States) Inc.*, Case No. 4:21-cv-06770 currently pending before the Court and that Chen's claims should be stayed pending the determination of a dispositive motion to dismiss in a currently-pending action against Lenovo – *Ham v. Lenovo Group Ltd., et al.*, Case No. 1:22-cv-05131 (S.D.N.Y) – in which Chen appears to be a putative class member.  Thee *Motion* is made on the additional grounds that the *Complaint* fails to state a claim for violation of Section 17501 of California's False Advertising Law ("FAL"), that the *Complaint* does not allege facts sufficient to establish Plaintiffs' standing to pursue injunctive relief, and that the *Complaint* does not sufficiently allege entitlement to equitable monetary relief under the FAL or Unfair Competition Law ("UCL") because Plaintiffs have an adequate remedy at law.

The *Motion* is based on this *Notice of Motion* and *Motion*, the attached *Memorandum of Points and Authorities*, the *Declaration of Benjamin O. Aigboboh* and *Request for Judicial Notice* submitted concurrently herewith, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as the Court may consider.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  December 29, 2023          By    _____
                                                 /s/ Alyssa Sones
                                              P. CRAIG CARDON
                                              ABBY H. MEYER
                                              BENJAMIN O. AIGBOBOH
                                              ALYSSA SONES

                                              *Attorneys for Defendant*
                                              LENOVO (UNITED STATES) INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 10

II. RELEVANT FACTUAL ALLEGATIONS ..................................................................... 11

    A. Lenovo Group And Lenovo ................................................................................ 11

    B. The Website's Alleged Pricing Practices ........................................................... 11

    C. Plaintiffs' Website Purchases ............................................................................. 11

        1. Hermanson's August 2021 Purchase ...................................................... 11

        2. Lin's January 2021 Purchase ................................................................... 11

        3. Chen's August 2023 Purchase ................................................................. 12

III. RELEVANT PROCEDURAL HISTORY ........................................................................ 12

    A. The *Axelrod* Action ........................................................................................... 12

    B. The *Ham* Action ................................................................................................ 13

    C. The *Hermanson* Action ..................................................................................... 13

IV. ISSUES TO BE DECIDED ............................................................................................. 14

V. APPLICABLE STANDARDS ........................................................................................ 14

    A. Federal Rule Of Civil Procedure 12(b)(6) ......................................................... 14

    B. Federal Rule Of Civil Procedure 12(b)(1) ......................................................... 15

VI. THE *MOTION* SHOULD BE GRANTED ..................................................................... 15

    A. The Claims Should Be Dismissed Or Stayed Under The Court's Inherent
        Authority/First-To-File Rule ............................................................................... 15

        1. Hermanson's And Lin's Claims Should Be Dismissed Or Stayed
            Because They Are Duplicative Of Those Pending in *Axelrod* .................... 16

        2. Chen's Claims Should Be Stayed Pending Final Determination Of
            The *Ham* Motion To Dismiss ................................................................... 17

    B. Even If The Claims Are Not Dismissed And/Or Stayed Under The Court's
        Inherent Authority/First-to-File Rule, Dismissal Is Proper Under Federal
        Rule Of Civil Procedure 12(b)(1) And 12(b)(6) ................................................. 18

        1. The Claim For Violation Of Section 17501 Of The FAL Must Be
            Dismissed For Failure To State A Claim ................................................... 18

2.    Plaintiffs' Equitable Claims And Remedies Should Be Dismissed Under Federal Rule Of Civil Procedure 12(b)(1) ..........................................20

a.    Plaintiffs Do Not Have Standing To Seek Injunctive Relief ...........20

b.    Hermanson And Lin Do Not Have Standing To Pursue Injunctive Relief ..............................................................................21

3.    Plaintiffs' Claims For Equitable Monetary Relief Under The UCL And FAL Should Be Dismissed Under Federal Rule Of Civil Procedure 12(b)(6) Because The *Complaint* Does Not Plausibly Allege Plaintiffs Lack An Adequate Legal Remedy ...................................22

VII.    CONCLUSION .....................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

<u>Cases</u>

*Adams v. Cal. Dep't of Health Servs.*
    487 F.3d 684 (9th Cir. 2007) ................................................................ 15, 16

*Alakozai v. Chase Inv. Servs. Corp.*
    2012 U.S. Dist. LEXIS 30759 (C.D. Cal. Mar. 1, 2012) ...................... 16

*Arakelian v. Mercedes-Benz USA, LLC*
    2018 U.S. Dist. LEXIS 226033 (C.D. Cal. June 4, 2018) ..................... 16

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .............................................................................. 14

*Axelrod v. Lenovo (United States) Inc.*
    2022 U.S. Dist. LEXIS 60559 (N.D. Cal. Mar. 31, 2022) ............ 13, 23, 24

*Banks v. R.C. Bigelow, Inc.*
    2021 U.S. Dist. LEXIS 84385 (C.D. Cal. May 3, 2021) ................... 22, 24

*Baron v. HyreCar Inc.*
    2022 U.S. Dist. LEXIS 218549 (C.D. Cal. Dec. 5, 2022) ..................... 15

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .............................................................................. 14

*Benton v. CVS Pharmacy, Inc*
    604 F. Supp. 3d 889 (N.D. Cal. 2018) ................................................. 21

*Branca v. Nordstrom, Inc.*
    2015 U.S. Dist. LEXIS 99157 (S.D. Cal. Mar. 19, 2015) ................... 20

*Bruton v. Gerber Prods. Co.*
    2018 U.S. Dist. LEXIS 30814 (N.D. Cal. Feb. 13, 2018) ................... 22

*Clark v. Am. Honda Motor Co.*
    2021 U.S. Dist. LEXIS 64520 (C.D. Cal. Mar. 25, 2021) ................... 22

*Cook v. C.R. England, Inc.*
    2012 U.S. Dist. LEXIS 90211 (C.D. Cal. Jun. 21, 2012) ................... 16

*Davidson v. Kimberly-Clark Corp.*
    889 F.3d 956 (9th Cir. 2018) ................................................................ 20

*Demarest v. U.S.*
    718 F.2d 964 (9th Cir. 1983) ................................................................ 15

*Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Capital, LLC*
    2021 U.S. Dist. LEXIS 149146 (C.D. Cal. Aug. 6, 2021) ........................................................ 22

*Ellison v. AutoZone, Inc.*
    2007 U.S. Dist. LEXIS 47547 (N.D. Cal. June 19, 2007) ........................................................ 17

*Gardiner v. Walmart Inc.*
    2021 U.S. Dist. LEXIS 211251 (N.D. Cal. July 28, 2021) ........................................................ 22

*Gardiner v. Walmart Inc.*
    2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5, 2021) ........................................................ 23

*Greystone Nev., LLC v. Anthem Highlands Cmty. Ass'n*
    2013 U.S. Dist. LEXIS 5308 (D. Nev. Jan. 14, 2013) ........................................................ 16

*Ham v. Lenovo (United States) Inc.*
    2023 U.S. Dist. LEXIS 53167 (S.D.N.Y. Mar. 28, 2023) ........................................................ 13

*Hamman v. Cava Grp., Inc.*
    2023 U.S. Dist. LEXIS 85634 (S.D. Cal. Feb. 8, 2023) ........................................................ 22

*Hanscom v. Reynolds Consumer Prods. LLC*
    2022 U.S. Dist. LEXIS 34057 (N.D. Cal. Jan. 21, 2022) ........................................................ 21

*Hill v. Roll Int'l Corp.*
    195 Cal. App. 4th 1295 (2011) ........................................................ 19

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*
    2021 U.S. Dist. LEXIS 59875 (N.D. Cal. Mar. 29, 2021) ........................................................ 24

*Jacobo v. Ross Stores, Inc.*
    2016 U.S. Dist. LEXIS 86958 (C.D. Cal. Feb. 23, 2016) ........................................................ 19

*James v. AT&T Corp.*
    334 F. Supp. 2d 410 (S.D.N.Y. 2004) ........................................................ 16

*Johnson v. Nissan N. Am., Inc.*
    272 F. Supp. 3d 1168 (N.D. Cal. 2017) ........................................................ 15

*Joslin v. Clif Bar & Co.*
    2019 U.S. Dist. LEXIS 192100 (N.D. Cal. Aug. 26, 2019) ........................................................ 21

*Julian v TTE Tech., Inc.*
    2020 U.S. Dist. LEXIS 215039 (N.D. Cal. Nov. 17, 2020) ........................................................ 24

*Kendall v. Visa U.S.A., Inc.*
    2005 U.S. Dist. LEXIS 21450 (N.D. Cal. July 25, 2005) ........................................................ 23

*Landis v. N. American Co.*
    299 U.S. 248 (1936) ........................................................ 15

MOTION TO DISMISS AND/OR STAY CLASS ACTION COMPLAINT

*Lavie v. Procter & Gamble Co.*
　　105 Cal. App. 4th 496 (2003)..................................................................................... 19

*Linton v. Axcess Fin. Servs.*
　　2023 U.S. Dist. LEXIS 113669 (N.D. Cal. June 30, 2023) ............................................ 20, 21

*Mabry v. Newton*
　　2020 U.S. Dist. LEXIS 11380 (C.D. Cal. Jan. 17, 2020).................................................. 15, 17

*Mayfield v. U.S.*
　　599 F.3d 964 (9th Cir. 2010).................................................................................... 22

*Moreno v. Castlerock Farming & Transp., Inc.*
　　2013 U.S. Dist. LEXIS 46193 (E.D. Cal. Mar. 29, 2013)............................................... 15

*Nacarino v. Chobani, LLC*
　　2021 U.S. Dist. LEXIS 149153 (N.D. Cal. Aug. 9, 2021)............................................... 23

*Navarro v. Block*
　　250 F.3d 729 (9th Cir. 2001)..................................................................................... 15

*O'Shea v. Littleton*
　　414 U.S. 488 (1974) .................................................................................................. 22

*Ochoa v. Zeroo Gravity Games LLC*
　　2023 U.S. Dist. LEXIS 115336 (C.D. Cal. Feb. 1, 2023) .............................................. 19

*Peacock v. Pabst Brewing Co., LLC*
　　2022 U.S. Dist. LEXIS 106778 (E.D. Cal. June 13, 2022)............................................. 22

*Rodriguez v. Just Brands USA, Inc.*
　　2021 U.S. Dist. LEXIS 94413 (C.D. Cal. May 18, 2021)............................................... 24

*Rubenstein v. Neiman Marcus Grp. LLC*
　　2015 U.S. Dist. LEXIS 55736 (C.D. Cal. Mar. 2, 2015) .............................................. 20

*Sharma v. Volkswagen AG*
　　2021 U.S. Dist. LEXIS 47250 (N.D. Cal. Mar. 9, 2021) .............................................. 24

*Shay v. Apple Inc.*
　　2021 U.S. Dist. LEXIS 84415 (S.D. Cal. May 3, 2021) ............................................... 24

*Sonner v. Premier Nutrition Corp.*
　　971 F.3d 834 (9th Cir. 2020)..................................................................................... 22, 23

*Stearns v. Ticketmaster Corp.*
　　2008 U.S. Dist. LEXIS 128837 (C.D. Cal. Apr. 30, 2008)............................................ 16, 17

*TopDevz, LLC v. LinkedIn Corp.*
　　2021 U.S. Dist. LEXIS 145186 (N.D. Cal. Aug. 3, 2021)............................................. 23

*Waterfall Homeowners Ass'n v. Viega, Inc.*
    283 F.R.D. 571 (D. Nev. 2012) ............................................................. 16

*Watkins v. MGA Entm't, Inc.*
    2021 U.S. Dist. LEXIS 138888 (N.D. Cal. July 26, 2021) ...................... 24

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ............................................................... 15

*Williams v. Apple, Inc.*
    2020 U.S. Dist. LEXIS 215046 (N.D. Cal. Nov. 17, 2020) ............... 22, 24

*Williams v. Apple, Inc.*
    449 F. Supp. 3d 892 (N.D. Cal. 2020) ................................................... 21

*Williams v. Gerber Prods. Co.*
    552 F.3d 934 (9th Cir. 2008) ................................................................. 19

*Williams v. Tesla, Inc.*
    2021 U.S. Dist. LEXIS 115279 (N.D. Cal. June 21, 2021) ..................... 22

Statutes

Cal. Bus. & Prof. Code § 17200 ................................................................. 14

Cal. Bus. & Prof. Code § 17500 ...................................................... 12, 14, 16

Cal. Bus. & Prof. Code § 17501 ................................ 10, 12, 13, 14, 16, 18, 19, 20

New York Deceptive Practice Act, n. Y.G.B.L. § 349 *et seq.* ..................... 13

New York Deceptive Practice Act, n. Y.G.B.L. § 350 *et seq.* ..................... 13

Other Authorities

16 C.F.R. § 233.1 ....................................................................................... 20

16 C.F.R. § 233.2 ....................................................................................... 20

Fed. R. Civ. P. 12(b)(1) ...................................................................... 15, 18, 20

Fed. R. Civ. P. 12(b)(6) ...................................................................... 14, 18, 22

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In August 2021, Plaintiffs' counsel filed a class action against Lenovo in this Court – *Axelrod v. Lenovo (United States) Inc.*, Case No. 4:21-cv-06770 ("*Axelrod*") – asserting claims for, *inter alia*, violation of California's UCL, FAL, and Consumer Legal Remedies Act ("CLRA") arising from alleged deceptive "reference pricing" on the website at the domain www.lenovo.com ("Website"). More than two years later, Plaintiffs Hermanson and Lin, members of *Axelrod*'s putative class(es), inexplicably filed this action through *Axelrod*'s counsel – an action asserting the same claims arising from the same conduct and seeking to represent the same classes. There is no basis for burdening the Court and Lenovo with a duplicative lawsuit. Hermanson's and Lin's claims should be dismissed or, at minimum, stayed pending the certification determination in *Axelrod*. Similarly, Chen's claims should be stayed pending the determination of a dispositive motion to dismiss in a first-filed action against Lenovo, a case in which Chen appears to be a putative class member – *Ham v. Lenovo Group Ltd., et al.*, Case No. 1:22-cv-05131 (S.D.N.Y) ("*Ham*").

Even if Plaintiffs' action were not duplicative, dismissal of large portions of it would still be proper. First, the *Complaint* fails to state a claim for violation of Section 17501 of the FAL – a statute prohibiting deceptive advertising of former prices – because none of the Plaintiffs allege they believed the "reference prices" they saw were the item's former prices. Even if Plaintiffs had so alleged, Lin's Section 17501 claim would still fail because the "reference price" he allegedly saw ("Est Value") is not former price advertising as a matter of law. Second, the *Complaint* does not allege facts sufficient to establish Plaintiffs' standing to pursue injunctive relief. Even if it did, neither Hermanson nor Lin would have standing to pursue such relief because, as the *Complaint* confirms, they purchased items **before** the Website's alleged "reference prices" were changed from "Web Price" or a strikethrough price to the current (and different) "Est Value." Finally, the *Complaint*'s prayer for equitable monetary remedies under the UCL and FAL should be dismissed because the *Complaint* does not sufficiently allege Plaintiffs lack an adequate remedy at law. And, because the *Complaint* fails to allege entitlement to the only remedies available under the UCL and FAL (injunctive relief and restitution), those claims should be dismissed in their entirety.

## II.     RELEVANT FACTUAL ALLEGATIONS

**A.     Lenovo Group And Lenovo**

The *Complaint* alleges that Lenovo Group and its subsidiary Lenovo "manufacture and sell computers and peripheral parts, software, and services to customers throughout the United States through the Website.  ECF No. 1 ¶¶ 28-30, 35-37.

**B.     The Website's Alleged Pricing Practices**

The *Complaint* alleges that the Website advertises "artificially inflated reference price[s]" for items and has displayed those "reference prices" differently over time.  *See*, *e.g.*, ECF No. 1 ¶¶ 3, 49-58.  In particular, the *Complaint* alleges that:  (1) ***before August 25, 2021***, the Website displayed an item's "reference price[] as a 'Web Price' or a strikethrough price (e.g., ~~$1,199.00~~)"; (2) ***between August 25, 2021 and April 12, 2022***, the Website displayed the alleged "reference price[] as standalone strikethrough price[]"; and (3) ***since April 13, 2022***, the Website has displayed "reference prices as 'Est Values.'"  *Id*. ¶¶ 49-58.  The *Complaint* alleges that, in addition to the "reference prices," the Website displays a separate "sale price" for each item and "savings equal to the difference between the reference price and the sale price."  *Id*.

**C.     Plaintiffs' Website Purchases**

**1.     Hermanson's August 2021 Purchase**

On August 6, 2021, Hermanson visited the Website.  ECF No. 1 ¶ 73.  The Website "advertised [a laptop] as being on sale for $599.99 and represented to Hermanson that he was receiving a price reduction of $250.00 off the reference price of $849.99 with [an] eCoupon[.]"  *Id*. ¶ 74.  "Enticed by the idea of saving $250 off the reference price of $849.99," Hermanson purchased the laptop.  *Id*. ¶¶ 75-79.  "At the time of his purchase, Hermanson believed he was purchasing a laptop valued at $849.99 for approximately 29% off."  *Id*. ¶ 80.  The *Complaint* alleges, however, that, "prior to Hermanson's purchase, more often than not, Lenovo did not sell the [laptop] at the advertised reference price of $849.99."  *Id*. ¶ 81.

**2.     Lin's January 2021 Purchase**

On January 4, 2021, Lin accessed the Website.  ECF No. 1 ¶ 85.  The Website "advertised [a workstation] as being on sale for $2,099.02 and represented to Lin he was receiving a price

1    reduction of $1,519.98 off the reference price of $3,619.00 with [an] eCoupon[.]"  *Id*. ¶ 86.  "Enticed

2    by the idea of saving $1,519.98," Lin purchased the workstation.  *Id*. ¶¶ 87-91.  At the time, "Lin

3    believed he was purchasing a [w]orkstation valued at $3,619.00 for approximately 60% off."  *Id*. ¶

4    92.  The *Complaint* alleges, however, that, "prior to Lin's purchase, more often than not, Lenovo

5    did not sell the [w]orkstation at the advertised reference price of $3,619.00."  *Id*. ¶ 93.

6        **3.    Chen's August 2023 Purchase**

7        On August 26, 2023, Chen visited the Website.  ECF No. 1 ¶ 97.  The Website "advertised

8    [a laptop] as being on sale for $459 and represented to Chen that he was receiving a price reduction

9    of $1,520 off the reference price of $1,979 with [an] eCoupon[.]"  *Id*. ¶ 98.  "Enticed by the idea of

10   saving $1,520," Chen purchased the laptop.  *Id*. ¶¶ 99-103.  "At the time of his purchase, Chen

11   believed he was purchasing a laptop valued at $1,979 for approximately 77% off."  *Id*. ¶ 104.  The

12   *Complaint* alleges, however, that, "prior to Chen's purchase, more often than not, Lenovo did not

13   sell the [laptop] at the advertised reference price of $1,979."  *Id*. ¶ 105.

14       **III.    RELEVANT PROCEDURAL HISTORY**

15   **A.    The *Axelrod* Action**

16       On August 31, 2021, non-parties Andrew Axelrod and Eliot Burke ("*Axelrod* Plaintiffs"),

17   represented by Plaintiffs' counsel in this action, filed the *Axelrod* action against Lenovo based on

18   alleged false and deceptive pricing on the Website – an action assigned to this Court.  ECF No. 1 ¶

19   11; Ex. A.[1]  After the Court granted in part Lenovo's motion to dismiss, the *Axelrod* Plaintiffs filed

20   a *First Amended Class Action Complaint* on January 25, 2022 ("*Axelrod FAC*"), asserting claims

21   for breach of contract and express warranty, negligent and intentional misrepresentation, and

22   violation of the CLRA, Sections 17500 and 17501 of the FAL, and the UCL on behalf of four classes

23   including a "National Class" and "California Class" of consumers that "purchased one or more

24   Lenovo-branded products on Lenovo's website that were advertised as discounted from a reference

25   price (i.e., a Web Price,' 'Base Price,' or a strikethrough price)" between, at least, August 2017 and

26   the present.  Ex. B. ¶¶ 100-202.  The *Axelrod FAC* prayed for, *inter alia*, injunctive relief, restitution,

27

28   [1]   "Ex. __" refers to the corresponding exhibit to the *Declaration of Benjamin O. Aigboboh*
     submitted concurrently herewith.

1    and actual and punitive damages.  *Id.*

2            On February 14, 2022, Lenovo moved to dismiss the *Axelrod FAC*'s equitable claims and

3    demands because the *Axelrod FAC* did not allege the *Axelrod* Plaintiffs lack an adequate remedy at

4    law.  Ex. C.  On March 31, 2022, the Court granted the motion and dismissed the equitable claims

5    and demands.  *Axelrod v. Lenovo (United States) Inc.*, 2022 U.S. Dist. LEXIS 60559 (N.D. Cal.

6    Mar. 31, 2022).  Lenovo answered the *Axelrod FAC* on May 15, 2022.  *See* Ex. H.

7            The *Axelrod* Plaintiffs' deadline to file a class certification motion is February 5, 2024, with

8    briefing and a September 20, 2024 hearing to follow.  Ex. D.  On December 15, 2023, the *Axelrod*

9    Plaintiffs filed a motion to extend certification deadlines by six months.  Ex. E.  Lenovo partially

10   opposed the motion.  Ex. F.  On December 20, 2023, the Court issued an *Order Setting Case*

11   *Management Conference* in *Axelrod* for January 12, 2024.  Ex. G.[2]

12   **B.     The *Ham* Action**

13           On June 17, 2022, non-party Anthony Ham ("Ham") filed the *Ham* action against Lenovo

14   based on its alleged false and deceptive pricing.  Ex. I.  The *Ham* court granted Lenovo's motion to

15   dismiss Ham's *Class Action Complaint* on March 28, 2023.  *Ham v. Lenovo (United States) Inc.*,

16   2023 U.S. Dist. LEXIS 53167 (S.D.N.Y. Mar. 28, 2023).  On April 18, 2023, Ham filed a *First*

17   *Amended Complaint* ("*Ham FAC*") asserting the following claims on behalf of "all persons that

18   purchased any…Products on…[l]enovo.com, for which [Lenovo] advertised a List Price, either as

19   a Web Price or Estimated Value, different from the Product's Sale Price" between, at least, June

20   2016 and the present:  (1) deceptive acts or practices in violation of the New York Deceptive Practice

21   Act, N.Y.G.B.L. § 349 *et seq.*; (2) false advertising in violation New York Deceptive Practice Act,

22   N.Y.G.B.L. § 350 *et seq.*; (3) fraud; and (4) unjust enrichment.  Ex. J.  Lenovo moved to dismiss

23   the *Ham FAC* on May 26, 2023.  Exs. K-L.  That motion is pending.  Ex. M.

24   **C.     The *Hermanson* Action**

25           Plaintiffs filed the *Complaint* on November 14, 2023.  ECF No. 1.  In the *Complaint*,

26   Plaintiffs assert claims for intentional and negligent misrepresentation, violation of the CLRA,

27

28   [2]  That same day, the Court issued an order in this action advancing the previously set February 16, 2024 case management conference to January 12, 2024.  ECF Nos. 13-15.

violation of Sections 17500 and 17501 of the FAL, and violation of Section 17200 of the UCL on behalf of one of more of six classes including a "Nationwide Web Price Class" of "[a]ll individuals who…purchased a Lenovo-branded laptop, desktop, or tablet on Lenovo's website that were advertised as discounted from a reference price displayed as a 'Web Price' or standalone strikethrough price" and a "Nationwide Est Value Class" of anyone who "purchased a Lenovo-branded laptop, desktop, or tablet on Lenovo's website that were advertised as discounted from a reference price displayed as an 'Est Value.'"  ECF No. 1 ¶¶ 109-242.  The *Complaint* prays for, *inter alia*, injunctive relief, restitution, actual damages, and punitive damages.  *Id*. at Prayer for Relief.  On November 29, 2023, the Court related this case to *Axelrod*.  ECF No. 11.

## IV.   ISSUES TO BE DECIDED

1.      Whether Hermanson's and Lin's claims should be dismissed or stayed because the *Axelrod* Plaintiffs are pursuing the same claims on behalf of the same putative class members;

2.      Whether Chen's claims should be stayed pending the determination of the pending motion to dismiss in *Ham*;

3.      Whether the *Complaint* states a claim for violation of Section 17501 of the FAL;

4.      Whether the *Complaint* alleges sufficient facts to establish Plaintiffs' standing to seek injunctive relief; and

5.      Whether the *Complaint*'s claims for equitable monetary relief should be dismissed for failure to sufficiently allege Plaintiffs lack an adequate remedy at law.

## V.   APPLICABLE STANDARDS

### A.   Federal Rule Of Civil Procedure 12(b)(6)

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted when the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nor do "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, … suffice." *Id*.  In considering a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

1   particular, documents incorporated into the complaint by reference, and matters of which a court

2   may take judicial notice." *Baron v. HyreCar Inc.*, 2022 U.S. Dist. LEXIS 218549, at *9 (C.D. Cal.

3   Dec. 5, 2022) (internal quotations omitted).  Dismissal is proper where "there is no cognizable legal

4   theory or an absence of facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250

5   F.3d 729, 732 (9th Cir. 2001).

6   **B.**   **Federal Rule Of Civil Procedure 12(b)(1)**

7          Federal courts are courts of limited jurisdiction "[d]ismissal for lack of subject matter

8   jurisdiction is appropriate if the complaint…on its face fails to allege facts sufficient to establish

9   subject matter jurisdiction." *Demarest v. U.S.*, 718 F.2d 964, 965 (9th Cir. 1983).  Under Federal

10  Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if it lacks subject matter

11  jurisdiction to hear the claims alleged. *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1173

12  (N.D. Cal. 2017).  Because standing pertains to a court's subject-matter jurisdiction, motions raising

13  lack of standing are properly brought under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th

14  Cir. 2000).

15          **VI.**   **THE *MOTION* SHOULD BE GRANTED**

16  **A.**   **The Claims Should Be Dismissed Or Stayed Under The Court's Inherent**

17          **Authority/First-To-File Rule**

18          "District courts retain broad discretion to control their dockets[.]"  *Adams v. Cal. Dep't of*

19  *Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Mabry v. Newton*, 2020 U.S. Dist. LEXIS

20  11380, at *1 (C.D. Cal. Jan. 17, 2020) ("A federal court has the inherent power 'to control the

21  disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

22  for litigants'") (quoting *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)).  "After weighing the

23  equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed

24  action, to stay that action pending resolution of the previously filed action, to enjoin the parties from

25  proceeding with it, or to consolidate both actions."  *Adams*, 487 F.3d at 688.  "This discretionary

26  rule…applies to class actions" including to putative class actions that are duplicative of one already

27  pending. *Moreno v. Castlerock Farming & Transp., Inc.*, 2013 U.S. Dist. LEXIS 46193, at *4 (E.D.

28

Cal. Mar. 29, 2013)).[3]  "[I]n assessing whether the second action is duplicative of the first," courts "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689. "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  *Id*. (internal quotations omitted).

**1.    Hermanson's And Lin's Claims Should Be Dismissed Or Stayed Because They Are Duplicative Of Those Pending in *Axelrod***

Hermanson's and Lin's action is duplicative of *Axelrod*.  The *Axelrod* Plaintiffs assert the same claims as Hermanson and Lin (intentional and negligent misrepresentation, and violation of the CLRA, Sections 17500 and 17501 of the FAL, and the UCL) arising from the same alleged conduct (the Website's use of "Web Price" or "strikethrough price" before April 12, 2022). *Compare* Ex. B *with* ECF No. 1.  The *Axelrod* Plaintiffs seek to represent classes essentially identical to those Hermanson and Lin seek to represent.  Appendix A.  Indeed, *Axelrod*'s "Nationwide Class," alone, completely subsumes the classes Hermanson and Lin seek to represent.  *Id*.  And Hermanson and Lin are, at minimum, members of *Axelrod*'s "Nationwide Class" and "California Class," while the *Axelrod* Plaintiffs are, at least, members of Hermanson's and Lin's "Nationwide Web Price Class" and "California Web Price Subclass."  *Id*.  Hermanson and Lin seek the same relief – injunctive relief, actual and punitive damages, and restitution – the *Axelrod* Plaintiffs sought until the Court dismissed all claims for equitable monetary relief.  *Compare* ECF No. 1 *with* Ex. B.  And the *Axelrod* Plaintiffs and Hermanson and Lin are represented by the same counsel, who are clearly aware of the overlap and this Court's prior ruling.  In other words, "[t]he issues and facts to be determined, the witnesses and evidence required, and the relief requested, are exactly the same." *James*, 334 F. Supp. 2d at 411-13 (dismissing duplicative class action).

---

[3]  *See also Arakelian v. Mercedes-Benz USA, LLC*, 2018 U.S. Dist. LEXIS 226033, at **1-4 (C.D. Cal. June 4, 2018); *Greystone Nev., LLC v. Anthem Highlands Cmty. Ass'n*, 2013 U.S. Dist. LEXIS 5308, at **11-14 (D. Nev. Jan. 14, 2013); *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 582 (D. Nev. 2012); *Cook v. C.R. England, Inc.*, 2012 U.S. Dist. LEXIS 90211, at **7-26 (C.D. Cal. Jun. 21, 2012); *Alakozai v. Chase Inv. Servs. Corp.*, 2012 U.S. Dist. LEXIS 30759, at **11-16 (C.D. Cal. Mar. 1, 2012); *Stearns v. Ticketmaster Corp.*, 2008 U.S. Dist. LEXIS 128837, at **5-8 (C.D. Cal. Apr. 30, 2008); *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 411-13 (S.D.N.Y. 2004).

The *Complaint* does not explain why Hermanson and Lin filed a separate suit under these circumstances.  Presumptively, they did so to avoid filing a motion to amend the *Axelrod FAC*, to *de facto* extend the approaching *Axelrod* certification deadline, and/or to make another attempt at pursuing the equitable claims and remedies this Court dismissed in *Axelrod*.   *See Ellison v. AutoZone, Inc.*, 2007 U.S. Dist. LEXIS 47547, at *5 (N.D. Cal. June 19, 2007) (the "large degree of overlap between the class claims[,]" "the fact that plaintiffs in both actions are represented by the same counsel[,]" and the fact that named plaintiff in later-filed action "did not seeking leave from this [c]ourt to amend the…complaint [in the first-filed action] to add his claims before filing his own action…raise[] at least the specter that [the second] action could be used…to circumvent the various orders and deadlines that apply to the [first] action.").  There is no justification for members of *Axelrod*'s putative classes filing a separate lawsuit asserting the same claims based on the same allegations, seeking to represent the same putative classes, praying for the same remedies (including remedies the Court has already found are unavailable), and using the same counsel.  The Court should "not permit" Plaintiffs and their "counsel to burden the Court" and Lenovo "with multiple pending class actions on behalf of the same proposed class…asserting legally identical claims for relief." *Stearns*, 2008 U.S. Dist. LEXIS 128837, at *8.  Hermanson's and Lin's individual and class claims should be dismissed without prejudice.  *See Mabry*, 2020 U.S. Dist. LEXIS 11380, at *3 ("dismissal without prejudice is the most efficient way to address the problem of a duplicative case").  If not, the Court should dismiss all class claims asserted by Hermanson and Lin and stay their individual claims until class certification is decided in *Axelrod*.[4]

### 2.     Chen's Claims Should Be Stayed Pending Final Determination Of The *Ham* Motion To Dismiss

In *Ham*, the plaintiff seeks to represent a class of any person that purchased a "Product" on the Website advertised with a "Web Price" or "Estimated Value" that was "different from the

---

[4]   Lenovo recognizes that courts facing two identical actions may consolidate them.  Lenovo, however, opposes consolidation, particularly if it causes a change to the *Axelrod* certification schedule.  It is Lenovo's position that, even if the Court finds consolidation warranted, the fact that *Axelrod* and this case have been consolidated should not be a factor in any decision about the class certification schedule in *Axelrod*.

Product's Sale Price." Ex. J ¶ 66.  Chen – who purchased a laptop allegedly marketed on the Website with an "Est Value" – appears to be a member of the *Ham* putative class, making *Ham* the first-filed suit with regard to Chen's claims.  There is, however, a motion to dismiss currently pending in *Ham* that, if granted, would dispose of the entire action.  A dismissal of *Ham* would resolve any issues created by its apparent status as the first-filed case.  Given this, Lenovo requests that the Court use its inherent authority to stay Chen's claims pending determination of the *Ham* motion to dismiss.[5] The parties can notify the Court once a decision in *Ham* is made and, at that point, the Court and the parties can consider whether to lift the stay (for example, if the *Ham FAC* is dismissed with prejudice) or extend it (for example, if Ham is given leave to amend).  A short stay until the pending *Ham* motion to dismiss is decided (it has been pending since May, meaning it will likely be decided in the near term) will not prejudice Chen.

**B.**  **Even If The Claims Are Not Dismissed And/Or Stayed Under The Court's Inherent Authority/First-to-File Rule, Dismissal Is Proper Under Federal Rule Of Civil Procedure 12(b)(1) And 12(b)(6)**

> **1.**  **The Claim For Violation Of Section 17501 Of The FAL Must Be Dismissed For Failure To State A Claim**

Section 17501 of the FAL provides that:

> [n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

As the statute makes clear, Section 17501 applies only to prices advertised as *former prices*.  But no Plaintiff alleges he believed the "reference price" was the item's former price.  On the contrary, each alleges he believed the "reference price" was the item's "value[.]"  ECF No. 1 ¶¶ 80 ("At the time of his purchase, Hermanson believed he was purchasing a laptop valued at $849.99"), 92 ("Lin believed he was purchasing a [w]orkstation valued at $3,619.00"), 104 ("At the time of his purchase, Chen believed he was purchasing a laptop valued at $1,979"); *see also id.* ¶¶ 82, 94, 106, 130, 147.

---

[5]  Regardless of whether the Court grants a stay, Lenovo reserves its rights to seek any and all remedies available to it based on the first-filed *Ham* action.

Because the *Complaint* does not allege Plaintiffs believed the "reference price" was the item's former price, the Section 17501 claim should be dismissed. *Jacobo v. Ross Stores, Inc.*, 2016 U.S. Dist. LEXIS 86958, at *15 (C.D. Cal. Feb. 23, 2016) (dismissing Section 17501 claim "because [p]laintiffs do not allege to have interpreted [d]efendant's 'Compare At' prices to represent 'former prices[]'").

Even if the *Complaint* alleged Plaintiffs believed each item's "reference price" was its former price, which it does not, Chen's Section 17501 claim would still fail. Chen purchased a laptop advertised with an "Est Value." ECF No. 1 ¶¶ 97-108.[6] An "Est Value" is not a former price; as the *Complaint* confirms, it is "'Lenovo's estimate of product value based on industry data.'" *Id*. ¶ 14. Thus, it is unsurprising that (1) Chen alleges he believed "Est Value" reflected the item's value (*id*. ¶¶ 97-108) and (2) the *Complaint* alleges no facts establishing a reasonable consumer would understand "Est Value" to be an item's former price.[7] This is because no reasonable consumer would understand "Est Value" to be an item's former price.

By its plain language, "Est Value" means an estimate of the item's "value." And an item's "value" can be and often is different than its "price." *See*, *e.g.*, Exs. N ("value" means "the monetary worth of something"), O ("price" means "the amount money given or set as consideration for the sale of a specified thing"). Even if a consumer could misinterpret "value," standing alone, to mean "price," "value" does not stand alone, and the use of "Est" makes clear that all that is being offered is an estimate of the item's value.[8] Ex. P ("est" means "estimate; estimated"). And, even if the plain language were not clear, as the *Complaint* confirms, the Website explicitly and conspicuously

---

[6]  That Lenovo does not seek to dismiss Hermanson's and Lee's Section 17501 claims on the grounds that the "reference prices" they viewed are not "former prices" as a matter of law is not and should not be construed as a concession that the alleged "reference prices" are former prices under Section 17501.

[7]  FAL claims require advertising likely to deceive a reasonable consumer. *See*, *e.g.*, Cal. Bus. & Prof. Code § 17501; *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "'Likely to deceive' implies more than a mere possibility" of deception; it must be "probable that a significant portion of the general consuming public…acting reasonably under the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 500 (2003); *see also Ochoa v. Zeroo Gravity Games LLC*, 2023 U.S. Dist. LEXIS 115336, at *15 (C.D. Cal. Feb. 1, 2023); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011).

[8]  Notably, even if a consumer unreasonably misunderstood "Est Value" to mean estimated price, there would still be no Section 17501 claim because an estimated price is not a former price.

defines "Est Value" as:

> Lenovo's estimate of product value based on industry data, including the prices at which Lenovo and/or third-party retailers and e-tailers have offered or valued the same or comparable products.  Third-party data may not be based on actual sales.

Ex. Q; *see also* ECF No. 1 ¶¶ 14, 58.

Put simply, a representation about an item's value is not a representation about its former price.  *See* 16 C.F.R. §§ 233.1-233.2 (distinguishing "former price comparisons" – which are usually indicated by language "Formerly sold at $_____[,]" "Were $10, Now Only $7.50[,]" "Regularly," "Usually," "Formerly," or "Reduced to" – from "comparable value comparisons").  As such, Chen's Section 17501 claim should be dismissed with prejudice.  *See Branca v. Nordstrom, Inc.*, 2015 U.S. Dist. LEXIS 99157, at **16-23 (S.D. Cal. Mar. 19, 2015) (dismissing 17501 claim because "[p]laintiff has failed to sufficiently allege that…the 'Compare At' price listed on…price tags…is likely to deceive reasonable consumers into believing the listed 'Compare At' price is [a] former price"); *Rubenstein v. Neiman Marcus Grp. LLC*, 2015 U.S. Dist. LEXIS 55736, at **11-15 (C.D. Cal. Mar. 2, 2015) (dismissing 17501 claim because "Compared to" pricing is value, not former price, advertising).

### 2.     Plaintiffs' Equitable Claims And Remedies Should Be Dismissed Under Federal Rule Of Civil Procedure 12(b)(1)

#### a.     Plaintiffs Do Not Have Standing To Seek Injunctive Relief

A plaintiff "must…have Article III standing to bring [a] claim for injunctive relief in federal court."  *Linton v. Axcess Fin. Servs.*, 2023 U.S. Dist. LEXIS 113669, at **7-8 (N.D. Cal. June 30, 2023).  To have standing, "a plaintiff must plead a 'threat of injury [that is] actual and imminent, not conjectural or hypothetical.'"  *Id.* at *8 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)).  "Past wrongs, by themselves, are insufficient to establish standing for injunctive relief."  *Id.*  "Rather, the plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'"  *Id.* (quoting *Davidson*, 889 F.3d at 967).  "In the context of a consumer protection class action, a plaintiff must plausibly allege that she intends to purchase the product in the future."  *Id.*

The *Complaint* does not allege sufficient facts to establish Plaintiffs' standing to pursue injunctive relief.  While it alleges that "Lenovo's deceptive pricing scheme is ongoing" and that "Plaintiffs are unable to rely on Lenovo's representations…in deciding whether or not to purchase a product…in the future" (ECF No. 1 ¶¶ 70-72), the *Complaint* does not sufficiently allege (or allege at all) that Plaintiffs "intend[] to purchase the product[s] in the future" (*Linton*, 2023 U.S. Dist. LEXIS 113669, at *8).  *See, e.g.*, ECF No. 1 ¶¶ 73-108; *see also Hanscom v. Reynolds Consumer Prods. LLC*, 2022 U.S. Dist. LEXIS 34057, at *11 (N.D. Cal. Jan. 21, 2022) ("in addition to alleging facts that demonstrate they are unable to rely on the advertising…, a plaintiff must allege they would want to or intend to purchase the product in the future"); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906-07 (N.D. Cal. 2020) (allegation that defendant "'continues to make the same false and misleading statements with respect to its…service'…insufficient to meet [p]laintiffs' burden to establish standing to pursue injunctive relief).  Because the *Complaint* does not sufficiently allege Plaintiffs' intent to purchase the relevant items in the future, Plaintiffs have "no Article III standing to bring [their] claim[s] for injunctive relief." *Linton*, 2023 U.S. Dist. LEXIS 113669, at **9-10.[9]

### b.   Hermanson And Lin Do Not Have Standing To Pursue Injunctive Relief

Even if the *Complaint* plausibly alleged Plaintiffs intend to purchase the relevant products in the future, Hermanson and Lin would still lack standing to pursue injunctive relief because, as the *Complaint* alleges, the pricing of which they complain no longer appears on the Website.  The *Complaint* alleges Hermanson and Lin purchased items advertised with a "Web Price" (Hermanson) and strikethrough price (Lee) in August 2021 (Hermanson) and January 2022 (Lin).  ECF No. 1 ¶¶ 73-96.  But it also alleges Lenovo stopped using "Web Prices" and strikethrough prices in April 2022 – well after Hermanson and Lee made their purchases.  *Id.* ¶¶ 49-58.  Because neither

---

[9]  *See also Williams*, 449 F. Supp. 3d at 906 (plaintiffs failed to "allege the real and immediate threat of repeated injury necessary to demonstrate Article III standing for injunctive relief" because they did not allege "that they actually intend or plan to purchase [defendant's service] again in the future"); *Joslin v. Clif Bar & Co.*, 2019 U.S. Dist. LEXIS 192100, at *9 (N.D. Cal. Aug. 26, 2019) ("Plaintiffs allege that if they encounter the [p]roducts in the future, they cannot rely on the truthfulness of the [p]roducts' packaging. However, [p]laintiffs do not allege they want to or intend to purchase the [p]roducts in the future. Accordingly, they fail to allege facts to show they have standing"); *Benton v. CVS Pharmacy, Inc*, 604 F. Supp. 3d 889, 893 (N.D. Cal. 2018) (no standing for injunctive relief by "plaintiffs express no interest in ever purchasing [the] products in the future…[which] is necessary to establish Article III standing")

Hermanson nor Lin purchased an item with an "Est Value," the *Complaint* cannot plausibly allege "they face a 'real or immediate threat that [they] will again be wronged in a similar way.'" *Hamman v. Cava Grp., Inc.*, 2023 U.S. Dist. LEXIS 85634, at *13 (S.D. Cal. Feb. 8, 2023) (quoting *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010)).  Hermanson and Lin, therefore, lack standing to pursue injunctive relief.  *See, e.g.*, *Peacock v. Pabst Brewing Co., LLC*, 2022 U.S. Dist. LEXIS 106778, at **6-7 (E.D. Cal. June 13, 2022) ("[p]laintiff lacks the real and immediate threat of repeated injury to establish standing because [defendant's product] has been discontinued and the misleading slogan officially removed"); *Bruton v. Gerber Prods. Co.*, 2018 U.S. Dist. LEXIS 30814, at **12-20 (N.D. Cal. Feb. 13, 2018) (no standing where defendant discontinued use of allegedly misleading labels).

3.   **Plaintiffs' Claims For Equitable Monetary Relief Under The UCL And FAL Should Be Dismissed Under Federal Rule Of Civil Procedure 12(b)(6) Because The *Complaint* Does Not Plausibly Allege Plaintiffs Lack An Adequate Legal Remedy**

A plaintiff cannot pursue equitable claims or remedies unless he (at minimum) plausibly alleges he lacks an adequate remedy at law.  *See, e.g.*, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("a complaint seeking equitable relief" that does "not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law'" fails) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)); *Banks v. R.C. Bigelow, Inc.*, 2021 U.S. Dist. LEXIS 84385, at *15 (C.D. Cal. May 3, 2021) ("District court[] cases following *Sonner* have dismissed equitable claims for failure to allege an inadequate remedy at law").  Courts in the Ninth Circuit (including this Court) regularly confirm this rule applies to equitable UCL and FAL claims.[10] *See, e.g.*, *Sonner*, 971 F.3d at 845; *Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Capital, LLC*, 2021 U.S. Dist. LEXIS 149146, at **8-9 (C.D. Cal. Aug. 6, 2021); *Gardiner v. Walmart Inc.*, 2021 U.S. Dist. LEXIS 211251, at *12 (N.D. Cal. July 28, 2021) (White, J.); *Williams v. Tesla, Inc.*, 2021 U.S. Dist. LEXIS 115279, at **19-22 (N.D. Cal. June 21, 2021); *Banks*, 2021 U.S. Dist.

---

[10]  The UCL and FAL – which authorize only equitable relief in the form of injunctive relief and/or restitution – are "equitable, rather than legal, in nature."  *Williams v. Apple, Inc.*, 2020 U.S. Dist. LEXIS 215046, at *24 (N.D. Cal. Nov. 17, 2020).

1   LEXIS 84385, at **15-16; *Gardiner v. Walmart Inc.*, 2021 U.S. Dist. LEXIS 75079, at **19-21

2   (N.D. Cal. Mar. 5, 2021) (White, J.).

3          The *Complaint* asserts several equitable FAL and UCL claims seeking restitution for alleged

4   false or deceptive pricing on the Website.  ECF No. ¶¶ 117-243, Prayer for Relief.[11]  The *Complaint*

5   also alleges Plaintiffs have suffered actual or compensatory "damages" and "ascertainable loss[es]"

6   as a result of the same alleged false or deceptive pricing, and asserts Plaintiffs seek to recover them.

7   *See*, *e.g.*, *id.* ¶¶ 116, 128, 152, 156, 183, 199, 221, 226, 241, Prayer for Relief.  However, nothing

8   in the *Complaint* demonstrates the damages Plaintiffs seek are different from the equitable

9   restitution they seek based on the same conduct, or that those damages cannot remedy Plaintiffs'

10  singular injury (alleged overpayment for computers).[12]  And, as this Court found when it dismissed

11  the same claims in *Axelrod*, neither the *Complaint*'s mere conclusion that Plaintiffs "lack an

12  adequate remedy at law" nor its unsupported allegation that damages "are not as equally prompt and

13  certain, and in other ways efficient" (*id.* ¶¶ 155-56, 170, 225-26, 240-41) is sufficient to do so.

14  *Axelrod*, 2022 U.S. Dist. LEXIS 60559, at **3-7; *see also Kendall v. Visa U.S.A., Inc.*, 2005 U.S.

15  Dist. LEXIS 21450, at *11 (N.D. Cal. July 25, 2005) (courts are "not bound to accept as true

16  conclusory allegations of law or legal conclusions couched as a factual allegation.") (White, J.).

17         In short, far from demonstrating Plaintiffs lack adequate legal remedies, the *Complaint*

18  alleges they have been damaged and seeks legal remedies to redress that harm.  It also demonstrates

19  Plaintiffs' claim for damages and restitution – which are based on the same "factual predicates"

---

[11]   As set forth above, Plaintiffs also seek injunctive relief.  Because Plaintiffs, however, lack standing to do so, Lenovo need not challenge their right to do so despite the *Complaint*'s failure to allege they lack an adequate legal remedy.  Lenovo, however, reserves its rights to present any such challenge including in response to any amended complaint.

[12]   *See*, *e.g.*, *Nacarino v. Chobani, LLC*, 2021 U.S. Dist. LEXIS 149153, at **36-37 (N.D. Cal. Aug. 9, 2021) (dismissing prayer for equitable monetary remedies under the UCL because plaintiff "fails to allege any specific facts–*e.g.*, that she would receive less compensation via damages than restitution—showing that damages…are necessarily 'inadequate or incomplete, and nothing in the record supports that conclusion.'…  Put another way, [plaintiff] has not demonstrated that there is an inherent limitation of the legal remedy that renders it inadequate") (quoting *Sonner*, 971 F.3d at 844); *TopDevz, LLC v. LinkedIn Corp.*, 2021 U.S. Dist. LEXIS 145186, at **14-15 (N.D. Cal. Aug. 3, 2021) (dismissing UCL claim where plaintiffs sought "damages under various causes of action" and did not "allege that the damages they seek are inadequate or otherwise distinguish their request for restitution from the request for damages").

(*Rodriguez v. Just Brands USA, Inc.*, 2021 U.S. Dist. LEXIS 94413, at \*21 (C.D. Cal. May 18, 2021)) – "are not really different" (*Julian v TTE Tech., Inc.*, 2020 U.S. Dist. LEXIS 215039, at \*11 (N.D. Cal. Nov. 17, 2020)).   These facts require dismissal of Plaintiffs' claims for equitable monetary relief under the UCL and FAL.  This Court should do what it and other courts have done repeatedly when presented with similar or identical allegations (including in the related *Axelrod* case filed by the same counsel) and dismiss Plaintiffs' claims for equitable monetary relief under the UCL and FAL.[13]  And, because Plaintiffs lack standing to pursue injunctive relief (the only other remedy available under the UCL and FAL), the Court should dismiss the UCL and FAL claims in their entirety.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Lenovo respectfully requests that the Court grant the *Motion*.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  December 29, 2023        By     _____
                                                       */s/ Alyssa Sones*

P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
baigboboh@sheppardmullin.com
ALYSSA SONES, Cal. Bar No. 318359
asones@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

*Attorneys for Defendant*
Lenovo (United States) Inc.

---

[13]   *See, e.g.*, *Axelrod*, 2022 U.S. Dist. LEXIS 60559, at \*\*3-7; *Watkins v. MGA Entm't, Inc.*, 2021 U.S. Dist. LEXIS 138888, at \*\*50-51 (N.D. Cal. July 26, 2021); *Shay v. Apple Inc.*, 2021 U.S. Dist. LEXIS 84415, at \*\*5-12 (S.D. Cal. May 3, 2021); *Banks*, 2021 U.S. Dist. LEXIS 84385, at \*\*15-16; *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 U.S. Dist. LEXIS 59875, at \*\*27-31 (N.D. Cal. Mar. 29, 2021); *Clark v. Am. Honda Motor Co.*, 2021 U.S. Dist. LEXIS 64520, at \*\*26-30 (C.D. Cal. Mar. 25, 2021); *Sharma v. Volkswagen AG*, 2021 U.S. Dist. LEXIS 47250, at \*29 (N.D. Cal. Mar. 9, 2021); *Williams*, 2020 U.S. Dist. LEXIS 215046, at \*29.

**APPENDIX A**

| *Axelrod* Plaintiffs' Putative Classes<br>Ex. B ¶ 100 | Hermanson's and Lin's Putative Classes<br>ECF No. 1 ¶ 109 |
| --- | --- |
| • Nationwide Class:  All individuals and entities that, within the applicable statute of limitations period, purchased one or more Lenovo-branded products on Lenovo's website that were advertised as discounted from a reference price (i.e., a "Web Price," "Base Price," or a strikethrough price). | • Nationwide Web Price Class:  All individuals who, within the applicable statute of limitations period, purchased a Lenovo-branded laptop, desktop, or tablet on Lenovo's website that were advertised as discounted from a reference price displayed as a "Web Price" or standalone strikethrough price. |
| • Nationwide Consumer Subclass:  All members of the Nationwide Class who, within the applicable statute of limitations period, made their respective purchases primarily for personal, family, or household purposes. | • Nationwide Non-ThinkPad Subclass: All members of the Nationwide Web Price Class who purchased a non-ThinkPad laptop or tablet on Lenovo's website between January 8, 2018 and April 12, 2022, which was advertised at the time of their purchase as being offered at a discount from a reference price which was not the prevailing market price during the three months preceding their purchase. |
| • California Class:  All individuals and entities that, while in the State of California, on or after May 30, 2017, purchased one or more Lenovo-branded products on Lenovo's website that were advertised as discounted from a reference price (i.e., a "Web Price," "Base Price," or a strikethrough price). | • California Web Price Subclass:  All members of the Nationwide Web Price Class who were residing in California at the time of purchase. |
| • California Consumer Subclass:  All members of the California Class who are "consumers" within the meaning of California Civil Code § 1761(d) and made their respective purchases on or after May 30, 2018. | • California Non-ThinkPad Subclass: All members of the Nationwide Non-ThinkPad Subclass who were residing in California at the time of purchase. |

SMRH:4892-0380-9943.7

Case No. 4:23-cv-05890-JSW
APPENDIX A TO MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT
ACTIVE\1606373754.1