UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AXELROD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 21-cv-06770-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS AND SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 13 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Lenovo (United States) Inc. ("Lenovo"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 14, 2022, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART, Lenovo's motion.

**BACKGROUND**

Plaintiffs, Andrew Axelrod ("Axelrod") and Elliot Burk ("Burk") (collectively "Plaintiffs"), allege that Lenovo displays regular prices for computers on its website that are false and then advertises false discounts based on the allegedly false regular prices. (*See generally* Compl. ¶¶ 1-11, 23-70.) "The regular prices are false because they do not represent the price at which Lenovo actually sells its products. The discounts are false because they do not represent the actual savings obtained by customers. This unlawful marketing practice, commonly known as false reference pricing, artificially increases demand for Lenovo's products and induces customers to pay more for Lenovo-branded products based on a false impression of their value." (*Id.* ¶ 1.)

1

Plaintiffs each allege they purchased a computer from Lenovo's website based on the representation that they were receiving a substantial discount on the regular price and allege they either would not have purchased the computer or would have paid less for them had they known the true "regular" price. (*Id.* ¶¶ 75-99.) Based on these and other allegations that the Court shall address as necessary in the analysis, Plaintiffs assert claims for breach of contract, breach of express warranty, negligent and intentional misrepresentation, unjust enrichment, violations of California's False Advertising Law, Business and Professions Code sections 17500 and 17501 (the "FAL claims"), violations of California's Consumer Legal Remedies Act, Civil Code sections 1750 *et seq.* (the "CLRA claim"), and California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* (the "UCL claim"). Plaintiffs seek damages, restitution, and injunctive relief. (Compl., Prayer for Relief, ¶¶ B-E.)

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss &*

1  *Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.   The Court Grants, in Part, and Denies, in Part, Lenovo's Motion.**

Lenovo argues Plaintiffs' claims for equitable relief must be dismissed because Plaintiffs fail to plead they have an inadequate remedy at law.  It is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief.  *See, e.g., Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146-49 (2003)).  The claim for unjust enrichment also seeks equitable relief.  In contrast, the CLRA provides for equitable relief and for damages.

In *Sonner v. Premier Nutrition, Inc.*, the Ninth Circuit recently held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."  971 F.3d 834, 843-44 (9th Cir. 2020).  There, the plaintiff dropped her claims for damages shortly before trial.  Because the plaintiff failed to allege an adequate legal remedy in her complaint and conceded her claim for restitution was the same amount of money she had been seeking in damages, the court determined she failed to state a claim for relief.  "Sonner fails to explain how the same amount of money for the exact same harm is inadequate or incomplete[.]"  *Id.* at 844.

Plaintiffs argue that *Sonner* is distinguishable based on its procedural posture.  *Sonner* addressed the issue of plaintiff's equitable claim for restitution on the eve of trial, unlike here, where the proceedings are at the pleading stage.  The Court previously rejected this argument and continues to reject Plaintiffs' attempt to distinguish *Sonner* on this basis.  *See Gardiner v. WalMart, Inc.*, No. 20-cv-4618-JSW, 2021 WL 4992539, at *7 (N.D. Cal. July 28, 2021) ("*Gardiner II*") (citing cases); *see also Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*, No. 20-cv-1765-GPC (BGS), 2021 WL 1541649, at *9 (S.D. Cal. Apr. 20, 2021) (citing cases); *In re California Gasoline Spot Mkt. Antitrust Litig.*, No. 20-CV-03131-JSC, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021); *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020).

Plaintiffs also argue that *Sonner* does not preclude parties from pleading claims for relief in the alternative, as permitted by Federal Rule of Civil Procedure 8(a)(2).  For reasons that

follow, the Court does not find this argument persuasive. Before the Ninth Circuit issued its opinion in *Sonner*, there was an inter-circuit split on whether a plaintiff could plead equitable and legal claims in the alternative even where the plaintiff would have a remedy at law. *See, e.g., Anderson v. Apple, Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2021) (stating *Sonner* "appears to have resolved" the split); *but see Cepelak v. HP Inc.*, No. 20-cv-02450-VC, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021) ("*Sonner* … should not be understood as a categorical bar to pleading claims for equitable relief under the UCL and damages under the LCRA in a single complaint, as plaintiffs can bring claims in the alternative under different legal theories.").

In *Cepelak*, on which Plaintiffs rely, the court concluded the relevant inquiry under *Sonner* should not be "what other claims the plaintiffs have raised, but whether they have plausibly alleged the inadequacy of legal remedies for each claim for equitable relief that they seek." *Id.* Notably, the court concluded that the plaintiffs had not alleged facts to show "the inadequacy of remedy at law with respect to their claims for equitable monetary relief" but found they had done so for their claim for injunctive relief. *Id.*, at *3. Thus, *Cepelak* does not suggest that a court can ignore the allegations in favor of Rule 8's general principles. *Cf. IntegrityMessageBoards.com*, 2020 WL 6544411, at *5 (rejecting argument where the "plaintiff failed to explain why Rule 8's general permission for alternative pleading limits otherwise applicable principles of federal common law" and stating that "[g]iven the clear and unequivocal statement of the subject principle by the panel in *Sonner*… the court will not impose any such limitation here").

Similarly, in *Anderson* the court determined that *Sonner* required the plaintiffs, "at a minimum, to plead that they lack an adequate remedy at law. Because they also request money damages, it is possible their legal remedy is sufficient; on this record, they have not yet disproven that." 500 F. Supp. 3d at 1009; *see also id.* (concluding motion was not premature because "plaintiffs have not *pleaded* inadequate remedies at law to begin with and they offer no reason why the remedies at law they request in the complaint would be adequate") (emphasis in original). With regard to their requests for restitution and disgorgement, Plaintiffs have not alleged facts to show they lack an adequate remedy at law; nor are the allegations sufficient to show *why* the remedies at law requested would be inadequate. That fact distinguishes this case from *Adams v.*

4

*Cole Haan, LLC*, on which they rely. No. SACV 20-913 JVS (DFMx), 2021 WL 4907248, at *2-*4 (C.D. Cal. Mar. 1, 2021) ("*Adams II*").

Plaintiffs argue their legal claims do not "afford [them] relief that is as equally prompt, certain, and efficient" as the alleged violations of Business and Professions Code section 17501 and of each prong of the UCL. In support of this argument, Plaintiffs rely on *Elgindy v. AGA Service Company*, No. 20-cv-06304-JST, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021). In that case, the plaintiffs purchased insurance policies for events or for travel and alleged the defendants bundled "a non-optional assistance services fee with the sale of these insurance policies," without "fully disclosing the inclusion of that fee[.]" *Id.*, at *1. In support of their claims, which included, *inter alia*, claims under the UCL and for common law fraud, Plaintiffs advanced two theories: (1) that the challenged service fee was an unlawful "agent" fee or insurance premium upcharge; and (2) that the defendants acted fraudulently by concealing the fact that the service fees were included in the insurance policy's total price. *Id.* at *4.

The court permitted the plaintiff to pursue equitable relief under the first theory because only equitable claims were available on that theory. *Id.* at *15. However, with regard to the fraud-based claims, the plaintiffs were required to demonstrate that they lacked an adequate remedy at law to show an entitlement to equitable relief. *Id.* The court concluded the plaintiffs had shown they lacked a remedy that was equally as prompt and certain as their equitable claims because "the elements of a common-law fraud claim require proof of conduct beyond that which must be shown to establish liability under the UCL and FAL[;]" a difference highlighted by the court's dismissal of the plaintiffs' common law fraud claim. *Id.* Plaintiffs here argue that at least some of their equitable claims are premised on different legal theories. The Court is not persuaded. Plaintiffs incorporate by reference earlier allegations into each claim for relief and do not clearly differentiate the facts that support their claims under the various prongs of the UCL. For that reason, the Court finds *Elgindy* is distinguishable.

Accordingly, the Court GRANTS, IN PART, Lenovo's motion to dismiss and dismisses the equitable claims to the extent they seek equitable monetary relief. Because it is possible that Plaintiffs could allege facts to show they lack an adequate monetary remedy at law, the Court will

5

grant them leave to amend. *See Anderson*, 500 F. Supp. 3d at 1009-10; *Adams II*, 2021 WL 4907248, at *4.

The Court concludes, however, that Plaintiffs have adequately alleged facts that would permit them to pursue claims for prospective injunctive relief. For example, in *Ziegler v. WellPet LLC*, the court reasoned that damages for past harm were not an adequate remedy for prospective harm caused by alleged false advertising because damages "would [not] ensure that [the plaintiff] (and other consumers) can rely on WellPet's representations in the future." 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021). Similarly, in *Adams II*, the plaintiff alleged she could not rely on the defendant to truthfully label or advertise its merchandise and alleged "[a]n injunction is the only form of relief which will guarantee [p]laintiff and other consumers the appropriate assurances." *Adams II*, 2021 WL 4907248, at *2. The court concluded those allegations were sufficient to show monetary damages "would not necessarily be sufficient to remedy" the alleged harm, and the court permitted her to proceed with claims for injunctive relief. *Id.*, at *4; *see also Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *11 (N.D. Cal. Aug. 16, 2021) (declining to apply *Sonner* to bar UCL claims for prospective injunctive relief because "the prospect of paying damages is sometimes insufficient to deter a defendant from engaging in an alleged unlawful, unfair, or fraudulent business practice").

Here, as in *Ziegler* and *Adams II,* Plaintiffs allege they would like to purchase products from Lenovo's website in the future but are deterred from doing so because they cannot be certain that Lenovo's representations about its prices are truthful. Accordingly, the Court DENIES, IN PART, Lenovo's motion to dismiss claims seeking prospective injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Lenovo's motion to dismiss. Plaintiffs may file an amended complaint by January 25, 2022, and Lenovo shall answer or otherwise respond by no later than February 15, 2022. The parties shall appear for an initial case management conference on March 4, 2022 at 11:00 a.m., and they shall

//

//

6

submit a joint case management conference statement by February 25, 2022.

**IT IS SO ORDERED**.

Dated: January 4, 2022

_____
JEFFREY S. WHITE
United States District Judge