EDGE, A PROFESSIONAL LAW CORP.
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
Natasha Dandavati (SBN 285276)
natasha.dandavati@edge.law
Seth W. Wiener (SBN 203747)
seth.wiener@edge.law
1341 La Playa Street 20
San Francisco, CA 94122
Telephone: (415) 515-4809

CAPSTONE LAW APC
Tarek H. Zohdy (SBN 247775)
tarek.zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Laura E. Goolsby (SBN 321721)
laura.goolsby@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARK HERMANSON, CHUN-YU CHEN, and SHUANG LIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LENOVO GROUP LIMITED and LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>Defendants. | Case No.: 4:23-cv-05890-JSW<br><br>**DECLARATION OF DANIEL A. ROZENBLATT IN RESPONSE TO THE COURT'S ORDER TO COUNSEL TO SHOW CAUSE, DATED FEBRUARY 1, 2024**<br><br>Action Filed: August 31, 2021<br>FAC Filed: January 25, 2022<br>Trial Date: None Set |

I, Daniel A. Rozenblatt, declare as follows:

1. I am an attorney licensed to practice law in California and am admitted to practice before this Court. I am counsel to Plaintiffs Mark Hermanson, Chun-Yu Chen, and Shuang Lin (collectively, "Plaintiffs") in the above-captioned action. The following facts are within my personal knowledge, except as to those matters which are based on information and belief, and as to those matters I believe them to be true to the best of my knowledge. If called as a witness herein, I can and will competently testify thereto.

2. I deeply regret having wasted the Court's time with a dispute that will not materially advance this litigation and apologize for having done so.

3. Following the case management conference on January 12, 2024, I followed the Court's directive and re-reviewed the Guidelines for Professional Conduct for the Northern District of California ("Civility Guidelines"). I have taken the Civility Guidelines seriously and have adhered to them to the best of my ability. Specifically, I have reviewed all emails sent by my co-counsel and associates prior to their being sent to opposing counsel to ensure they are civil, respectful, and professional. Conversely, I have had all emails that I send to opposing counsel reviewed by my co-counsel and associates to ensure that my communications, too, are civil, respectful, and professional.

4. My team and I have also taken additional steps to ensure that all of the documents we have filed since January 12, 2024 comply with the Civility Guidelines. Prior to filing any document with the Court, the document is reviewed by several attorneys and goes through several rounds of edits, including what we now internally refer to as "civility edits" or a "civility check." We do not use those terms facetiously. We have sincerely endeavored to conduct ourselves with the civility and professionalism this Court expects of us and that which we owe to our profession. I believe that since January 12, 2024, we have conducted ourselves as such, notwithstanding our prior failures, and specifically my own prior failures to do so.

5. With respect to Plaintiffs' motion to strike a single sentence in Lenovo's reply brief that we filed on January 31, 2024 ("Motion") (dkt. 28), my team and I spent substantial time deliberating internally before deciding to file the Motion. Ultimately, it was my decision to proceed

with filing the Motion, and I take full responsibility for it.

6. At the time, we did not believe filing the Motion would be a waste of the Court's time. We believed the sentence at issue erroneously assigns a position to Plaintiffs regarding what we viewed as a material issue, an issue which we believed could impact the Court's ruling on whether Plaintiffs can pursue injunctive relief.

7. We first attempted to address the issue with opposing counsel by sending them an email notifying them of our position and requesting that they file a notice of errata. I was responsible for sending the email, and prior to sending it, I had it reviewed by members of my team to ensure it complied with the Civility Guidelines. I believe it does.[1]

8. After opposing counsel declined our request, my team and I deliberated further on what next steps to take. Because we believed the position assigned to Plaintiffs was material and could impact the Court's ruling, we believed it was important to raise the issue with the Court. Given, however, that the issue first arose in a reply brief, we did not know how else to raise it apart from filing the instant Motion.

9. Prior to filing the Motion, we researched and reviewed filings in this district made by other litigants in a similar posture. We did so to ensure the Motion was not unprecedented and would not be received poorly by the Court. We were wrong, and specifically I was wrong for advocating for filing the Motion.

10. I apologize for having wasted the Court's time. Going forward, I will act with more prudence to ensure that neither I, nor any other attorney acting on behalf of Plaintiffs, waste any more of the Court's time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of February, 2024 at San Francisco, California.

Daniel A. Rozenblatt

---

[1] A copy of my email is attached as Exhibit A to the Declaration of P. Craig Cardon (dkt. 29-2 at 3).