UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AXELROD, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>  Defendant. | Case No. 21-cv-06770-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 22 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Lenovo (United States) Inc. ("Lenovo"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court HEREBY GRANTS Lenovo's motion.

## BACKGROUND

Plaintiffs Andrew Axelrod and Elliot Burk (collectively "Plaintiffs"), allege that Lenovo displays regular prices for computers on its website that are false and then advertises false discounts based on the allegedly false regular prices. (*See, e.g.,* FAC ¶¶ 1-11.) Plaintiffs assert claims for (1) breach of contract, (2) breach of express warranty, (3) negligent and intentional misrepresentation, (4) unjust enrichment, (5) violations of California's Consumer Legal Remedies Act, Civil Code sections 1750 *et seq.* (the "CLRA claim"); (6)-(7) violations of California's False Advertising Law, Business and Professions Code sections 17500 and 17501 (the "FAL claims"), and (8) California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* (the "UCL claim"). Plaintiffs seek, *inter alia*, damages (actual and punitive), restitution, disgorgement, and injunctive relief. (FAC, Prayer for Relief, ¶¶ B-E.)

According to Plaintiffs, Lenovo's "regular prices are false because they do not represent

the price at which Lenovo actually sells its products. The discounts are false because they do not represent the actual savings obtained by customers. This unlawful marketing practice, commonly known as false reference pricing, artificially increases demand for Lenovo's products and induces customers to pay more for Lenovo-branded products based on a false impression of their value." (*Id.* ¶ 1.) Plaintiffs each allege they purchased a computer from Lenovo's website based on the representation that they were receiving a substantial discount on the regular price. They also allege they either would not have purchased the computers or would have paid less for them had they known the true "regular" price. (*Id.* ¶¶ 75-99.)

On January 4, 2022, the Court granted, in part, and denied, in part Lenovo's motion to dismiss Plaintiffs' claims for equitable relief on the basis that Plaintiffs failed to allege they had an inadequate remedy at law. (Dkt. No. 18, "Order on Motion to Dismiss"). On January 25, 2022, Plaintiffs filed the FAC and now allege they:

> lack an adequate remedy at law with respect to their claim for restitution because they have not yet retained an expert to determine whether an award of damages can or will adequately remedy their monetary losses caused by Lenovo. In particular, because damages focus remedying the injury to Plaintiffs, and restitution focuses wholly on restoring money wrongly obtained by Lenovo, legal damages are inadequate because Plaintiff does not know at this juncture whether a model for legal damages (as opposed to equitable restitution) will be viable or adequately compensate Plaintiffs for their injuries.

(FAC ¶ 179.)

Plaintiffs also allege they seek restitution as an alternative form of relief to the damages they seek in the first through fifth claims for relief because there are elements on those claims that they would not be required to prove to obtain restitution. According to Plaintiffs, this means their legal remedies are not equally prompt, certain, and efficient. (*See id.* ¶¶ 177.a-177.3, 173, 192.a-192.e. 193, 201.a-201.e, 202.)

The Court will address additional facts as necessary.

## ANALYSIS

A.  **Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).[1] Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    The Court Grants Lenovo's Motion.**

Lenovo argues Plaintiffs' allegations still are insufficient to plead they have an inadequate remedy at law. It is well-established that claims for relief under the FAL and UCL are limited to restitution and injunctive relief. *See, e.g., Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146-49 (2003)). In contrast, the CLRA provides for damages and equitable relief. Further, as the Court previously stated, the Ninth Circuit recently held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner,* 971

---

[1] Plaintiffs request that the Court take judicial notice of a previous lawsuit against Lenovo raising similar claims, which resulted in a settlement. (Dkt. No. 29-1, Plaintiffs' RJN, Exs. 1-2.) That lawsuit and the allegations therein are not relevant to the dispute before the Court. Accordingly, the Court DENIES Plaintiffs' request to take judicial notice of those documents. Plaintiffs also ask the Court to take judicial notice of the first and second amended complaints from the *Sonner v. Premier Nutrition,* 971 F.3d 834 (9th Cir. 2020). The Court did not need to rely on those documents to resolve the motion, and it DENIES those requests as moot.

3

F.3d at 843-44. Because the plaintiff in *Sonner* "concede[d] that she seeks the same sum in equitable restitution as 'a full refund of the purchase price'—$32,000,000—as she requested in damages to compensate her for the same past harm" and "fail[ed] to explain how the same amount of money for the exact same harm is inadequate or incomplete," the court concluded she had not shown she had an inadequate remedy at law. *Id.* at 844.[2]

Plaintiffs assert the facts alleged now show why their legal remedies are inadequate. First, they cite to the paragraphs in the FAC, in which they allege their legal claims include elements they would not be required to prove to prevail on their equitable claims. The Court is not persuaded. First, Plaintiffs still do not differentiate the facts that support their claims under the various prongs of the UCL, FAL, or CLRA from the facts that support their other claims. For that reason, the Court concludes *Elgindy v. AGA Service Company* remains distinguishable from this case. No. 20-cv-06304-JST, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021).

Second, in *Johnson*, the court concluded that while a plaintiff can seek alternative remedies, a plaintiff cannot satisfy *Sonner* through conditional allegations. 2022 WL 74163, at *3. Here, Plaintiffs have alleged no more than they *may* lack an adequate remedy at law because it will be harder to prove their legal claims. As in *Johnson*, that does no more than allege Plaintiffs "seek equitable remedies *to the extent* legal remedies are inadequate or *if* legal remedies are inadequate." *Id.* Thus, "these allegations do not establish that the damages [Plaintiffs] seek[] are necessarily inadequate or incomplete. That is, [Plaintiffs have] not demonstrated that there is an inherent limitation of the legal remedy that renders it inadequate.'" *Hanscom v. Reynolds*

---

[2] Plaintiffs continue to argue that *Sonner*'s unique procedural posture renders it distinguishable. The Court previously rejected Plaintiffs' argument to distinguish *Sonner* on that basis, and it finds no basis to revisit that decision.

The Court also determined that while *Sonner* would not preclude Plaintiffs from pleading legal and equitable claims in the alternative, that does not mean the Court can ignore the allegations in favor of Rule 8's general principles: Plaintiffs must *plead* they lack adequate remedies at law. *See Guthrie v. Transamerica Life Ins. Co.*, No. 21-cv-04688-WHO, -- F. Supp. 3d --, 2021 WL 4314909, at *4 (N.D. Cal. Sept. 23, 2021) (citing cases); *Nacarino v. Chobani, LLC,* No. 20-cv-7437-EMC, 2022 WL 344966, at *10 (N.D. Cal. Feb. 4, 2022); *Johnson v. Trumpet Behavioral Health*, No. 21-cv-3221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022); *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL 6544411, at *5 (N.D. Cal. Nov. 6, 2020). The Court also finds no basis to revisit that decision.

4

*Consumer Prods.*, No. 21-cv-3434-JSW, 2022 WL 591466, at * (N.D. Cal. Jan. 21, 2022) (quoting *Nacarino*, 2021 WL 3487117, at *12).

Plaintiffs also argue the allegations that they have not retained an expert are sufficient to allege they lack an adequate remedy at law. In support of this argument, Plaintiffs again rely on *Adams v. Cole Haan, LLC*, No. SACV 20-913 JVS (DFMx), 2021 WL 4907248, at *2-*4 (C.D. Cal. Mar. 1, 2021) ("*Adams II*"). *Adams* is not binding on this Court, and the plaintiff in *Adams* did not pursue the type of legal claims Plaintiffs are pursuing here. *Id.*, at *1. This allegation does no more than speculate that "restitution and damages could be different[.]" *Phan v. Sargento Foods, Inc.*, No. 20-cv-9251-EMC, 2021 WL 2224260, at *5 (N.D. Cal. June 2, 2021) (noting that "speculation is questionable" given that Section 17200 does not permit nonrestitutionary disgorgement) (quoting *Julian v. TTE Tech., Inc.*, No. 20-cv-22857-EMC, 2020 WL 6743912, at *4-5 (N.D. Cal. Nov. 17, 2020)). Accordingly, the Court concludes those allegations are not sufficient to satisfy *Sonner*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Lenovo's motion to dismiss. The Court's dismissal will be without prejudice "should Plaintiff[s] find facts, during discovery, showing that the legal remedy would not be adequate." *Phan*, 2021 WL 2224260, at *6.

**IT IS SO ORDERED**.

Dated: March 31, 2022

_____
JEFFREY S. WHITE
United States District Judge