UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HERMANSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LENOVO GROUP LIMITED, et al.,<br><br>    Defendants. | Case No. 23-cv-05890-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS AND/OR TO STAY**<br><br>Re: Dkt. No. 16 |

Now before the Court for consideration is the motion to dismiss or to stay filed by Defendant Lenovo (United States), Inc. ("Lenovo").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons that follow, the Court GRANTS, IN PART, AND DENIES, IN PART, Lenovo's motion.

## BACKGROUND

**A.    The Instant Litigation.**

Plaintiffs Mark Hermanson, Chun-Yu Chen, and Shuang Lin (collectively "Plaintiffs") filed the complaint in this case on November 14, 2023.  They allege that Lenovo has a "practice of advertising false and misleading price reductions on its website." (Compl. ¶ 1.)  They bring claims against Lenovo for intentional and negligent misrepresentation and for alleged violations of three California consumer protection statutes: the Consumer Legal Remedies Act ("CLRA"), Civil Code sections 1750, *et seq.*; the False Advertising Law ("FAL"), Business and Professions Code section 17500 and 17501; and California's Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.*  Plaintiffs seek actual and punitive damages, an

---

[1]    Lenovo Group Limited has not appeared.

1

injunction, and equitable monetary relief on behalf of themselves and three nationwide classes defined as follows:

> **Nationwide Web Price Class**: All individuals who, within the applicable statute of limitations period, purchased a Lenovo-branded laptop, desktop, or tablet on Lenovo's website that were advertised as discounted from a reference price displayed as a "Web Price" or standalone strikethrough price.
>
> **Nationwide Est Value Class:** All individuals who, within the applicable statute of limitations period, purchased a Lenovo-branded laptop, desktop, or tablet on Lenovo's website that were advertised as discounted from a reference price displayed as an "Est Value."
>
> **Nationwide Non-ThinkPad Subclass**: All members of the Nationwide Web Price Class who purchased a non-ThinkPad laptop or tablet on Lenovo's website between January 18, 2018 and April 12, 2022, which was advertised at the time of their purchase as being offered at a discount from a reference price which was not the prevailing market price during the three months preceding their purchase.

(Compl. ¶ 109.) Plaintiffs also seek to represent three California subclasses comprising members of each Nationwide Class or Subclass "who were residing in California at the time of purchase." (*Id.*)

**B.     The *Axelrod* Litigation.**

On November 29, 2023, the Court related this case to *Axelrod v. Lenovo,* No. 21-cv-06770-JSW. The *Axelrod* plaintiffs, who are represented by Plaintiffs' counsel, also allege that Lenovo has a practice of making false or misleading pricing claims on its website and bring the same claims as Plaintiff. The *Axelrod* plaintiffs also assert claims for breach of contract and breach of express warranty. The *Axelrod* plaintiffs seek relief for themselves and the following classes:

> **Nationwide Class**: All individuals and entities that, within the applicable statute of limitations period, purchased one or more Lenovo-branded products on Lenovo's website that were advertised as discounted from a reference price (i.e., a "Web Price," "Base Price," or a strikethrough price).
>
> **Nationwide Consumer Subclass**: All members of the Nationwide Class who, within the applicable statute of limitations period, made their respective purchases primarily for personal, family, or household purposes.
>
> **California Class:** All individuals and entities that, while in the State of California, on or after May 30, 2017, purchased one or more

2

Lenovo branded products on Lenovo's website that were advertised as discounted from a reference price (i.e., a "Web Price," "Base Price," or a strikethrough price).

**California Consumer Subclass**: All members of the California class who are "consumers" within the meaning of California Civil Code § 1761(d) and made their respective purchases on or after May 30, 2018.

(*See* Lenovo Request for Judicial Notice ("Lenovo RJN"), Ex. B, *Axelrod* First Amended Complaint ¶ 100.)[2]

C.  **The *Ham* Litigation.**

In addition to the cases pending before this Court, on June 17, 2022, Anthony Ham filed a putative class action in the United States District Court for the Southern District of New York. On April 18, 2023, Ham filed an amended complaint ("*Ham* FAC"). (Lenovo RJN, Ex. I, *Ham* Complaint, Ex. J, *Ham* FAC).) Ham also challenges the manner in which Lenovo advertises the prices of its products and asserts claims for breach of express and implied warranties, unjust enrichment, and for violations of New York's General Business Law sections 349 and 350. (*See, e.g., Ham* FAC ¶¶ 1, 5, 19.)

Ham seeks actual and punitive damages, restitution, and injunctive relief on behalf of himself and "all persons in the United States who purchased any of the Products[3] on [Lenovo's] website, Lenovo.com, for which [Lenovo] advertised a List Price, either as a Web Price or Estimated Value, different from the Product's Sale Price." (*Id.* ¶ 66.)`

The Court will address additional facts as necessary in the analysis.

//

//

---

[2]  The *Axelrod* plaintiffs also sought equitable and monetary relief, but the Court granted Lenovo's motion to dismiss, without prejudice. *See Axelrod v. Lenovo (United States), Inc.*, No. 21-cv-6770-JSW, 2022 WL 976971, at *2-3 (N.D. Cal. Mar. 31, 2022).

[3]  The Products at issue in *Ham* are Lenovo's "ThinkPad, ThinkBook, IdeaPad, Legion, Lenovo, and Chromebook laptops, its ThinkCentre, IdeaCentre, Legion, Yoga, and ThinkStation desktops, its ThinkPad and ThinkStation workstations, its Lenovo tablets, and its ThinkVision and Lenovo Monitors." (*Ham* FAC ¶ 3.)

3

# ANALYSIS

**A.   Plaintiffs Sufficiently Allege They Have Standing to Seek Injunctive Relief.**

Lenovo argues Plaintiffs lack Article III standing to seek injunctive relief. A motion to dismiss for lack of standing is evaluated under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex*, 658 F.3d 1060, 1067 (9th Cir. 2011). Where, as here, a defendant makes a facial attack on jurisdiction, the factual allegations of the complaint are taken as true and are construed in the light most favorable to a plaintiff. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

In order to allege they have standing to seek injunctive relief, Plaintiffs must allege facts to show "a sufficient likelihood that [they] will again be wronged in a similar way." *Davidson v. Kimberly Clark, Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). One way to satisfy this standard is to include plausible allegations that they would purchase Lenovo's products in the future but are deterred from doing so because they cannot rely on its advertising. *Id.* at 970. Plaintiffs do not expressly state they "would" purchase Lenovo products in the future, but they do allege they are unable to rely on Lenovo's advertising "when making future purchases on Lenovo's website." (Compl. ¶ 72.) The Court concludes those allegations are sufficient to *allege* standing. *Cf. Davidson*, 889 F.3d at 971-72 ("In other words, Davidson faces the similar injury of being unable to rely on Kimberly–Clark's representations of its product in deciding whether or not she should purchase the product in the future.").

Lenovo also argues that Hermanson and Lin do not have standing to seek injunctive relief because "the pricing of which they complain no longer appears on" Lenovo's website. (Mot. at 21:17-18.) Plaintiffs allege that Lenovo's advertising continues to be misleading. The Court concludes the allegations here are distinguishable from, among others, *Bruton v. Gerber Products Company,* where the court concluded that the plaintiff could "rely on Gerber's baby food advertising and labeling because it is no longer inaccurate[.]" No. 12-cv-2412-LHK, 2018 WL 1009257, at *6 (N.D. Cal. Feb. 13, 2018).

Accordingly, the Court DENIES Lenovo's motion to dismiss based on a lack of standing.

//

**B.     The Court Dismisses the Claims for Equitable Monetary Relief.**

Lenovo also argues Plaintiffs fail to allege they have an inadequate remedy at law. Plaintiffs' allegations here are not materially different from the allegations in the *Axelrod* litigation. For the reasons stated in the Court's Orders in that case, Plaintiffs may seek prospective injunctive relief. However, the Court concludes Plaintiffs fail to allege facts showing they lack an adequate remedy at law that would entitle them to equitable monetary relief. *See Axelrod v. Lenovo (United States), Inc.*, No. 21-cv-6710-JSW, 2022 WL 967971, at *2-3 (N.D. Cal. Mar. 31, 2022) ("*Axelrod II*"); *Axelrod v. Lenovo (United States), Inc.*, No. 21-cv-6710-JSW, 2022 WL 17970215, at *2-* (N.D. Cal. Jan. 4, 2022).

Accordingly, the Court dismisses Plaintiffs' claims for equitable monetary relief, without prejudice. *See Axelrod II*, 2022 WL 967971, at *3.

**C.     The Court Dismisses Chen's Claims for Violations of Section 17501.**

Plaintiffs allege that Lenovo's practices violate Section 17501 of the FAL, which provides that:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Lenovo argues that Chen cannot state a claim because the phrase "Est Value" is not a "former price" for purposes of Section 17501 as a matter of law. (*See, e.g., id.* ¶ 14.) Plaintiffs do not respond to the latter argument, which the Court treats as a concession.

Accordingly, the Court GRANTS Lenovo's motion to dismiss Chen's claim for violations of Section 17501.

//

**D.     The Court Stays this Case, In Part.**

Lenovo argues that this case should be dismiss or stayed in favor of the *Axelrod* and *Ham* cases. "After weighing the equities of the case, [a] district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Similarly, under the first-to-file rule, a district court has the discretion "transfer, stay, or dismiss an action if a similar complaint has previously been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991).

Resolution of this issue centers on the similarity of the claims and of the parties.  *See Adams*, 487 F.3d at 689 (court "examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"); *Alltrade, Inc.*, 946 F.2d at 625 (stating three threshold factors for application of first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues").

**1.     Similarity of Parties.**

Lenovo is not required to show the parties are identical, and in a class action the Court compares the putative classes.  *See, e.g., Iglesias v. Arizona Beverages USA, LLC,* No. 22-cv-09108-JSW, 2023 WL 6795416, at *4 (N.D. Cal. Oct. 13, 2023); *King v. WinCo Holdings, Inc.*, No. 22-cv-05572-JLS-JDE, 2022 WL 18284892, at *2 (E.D. Cal. Nov. 8, 2022).  Plaintiffs argue the parties are not similar because they are asking to certify classes that are defined more narrowly than the putative classes in either *Axelrod* or in *Ham*.  In *Stearns v. Ticketmaster*, on which Plaintiffs rely, the Ninth Circuit held that the district court erred in dismissing a subsequent class action that asserted claims on behalf of "a different – more narrow – class," after the district court denied class certification because the proposed class was overbroad.  655 F.3d 1013, 1025 (9th Cir. 2011), *abrogated on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).

The Court concludes *Stearns* does not aid Plaintiffs.  Hermanson and Lin have not demonstrated how their proposed Nationwide Web Price Class is narrower than the *Axelrod*

6

plaintiffs' putative Nationwide Price class, which includes individuals who purchased products "advertised as discounted from a reference price (i.e., a '*Web Price*', 'Base Price," or a strikethrough price)." (*Axelrod* FAC ¶ 100.) Similarly, Chen has not demonstrated how the Nationwide Est Value Class actually is narrower than *Ham*'s putative nationwide class.

Plaintiffs also argue the putative classes here differ from the classes in the other cases because they seek to represent sub-classes of consumers who purchased non-Think pad products. To support this argument they note Lenovo attempted to limit discovery in *Axelrod* to products in the "Think" family. Magistrate Judge Illman has ordered Lenovo to produce "a list of the part numbers and product descriptions for *all* laptops, desktops, workstations, and tablets sold on Lenovo's website … from May 31, 2017 to April 30, 2022 ('Class Products')." (*Axelrod*, Dkt. No. 136.) Hermanson and Lin have not demonstrated they are seeking relief based on products that do not fit within that definition.

### 2. Similarity of Claims

To determine whether one case is "duplicative" of another case, courts use the four-factor "transaction test developed in the context of claim preclusion." *Adams*, 487 F.3d at 689. Lenovo does not analyze the first three factors and focuses its analysis on whether these three cases "arise out of the same transactional nucleus of facts." *Id.* (quoting *Costantini v. Transworld Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).)[4] Claims arise out of the "same transactional nucleus" when they "are related to the same set of facts and … could conveniently be tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992). Under the first to file rule, "[t]o determine whether two suits involve substantially similar issues, a court must look at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 797 F.3d 1237, 1241 (9th Cir. 2015).

In the three cases at issue, the plaintiffs challenge the allegedly misleading manner in which Lenovo advertises the prices of products on its website. With the exception of claims for

---

[4] The other three factors are: "(1) whether rights or interests established in the prior [case] would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right[.]" *Adams*, 487 F.3d at 689.

7

breach of contract and breach of warranty, Plaintiffs here assert the same claims as the *Axelrod* plaintiffs assert. In light of the Court's ruling on equitable monetary relief, Plaintiffs here are in the same position as the Plaintiffs in *Axelrod*.

Hermanson argues that his claim for breach of the *Ponce* settlement agreement is "unique" to this action, but Hermanson has not asserted a claim for breach of the agreement. Instead, he relies on it only as a basis to seek punitive damages for the fraud claim. Like Lin, the *Axelrod* plaintiffs seek relief on behalf of individuals who saw a reference prices as a standalone strikethrough price.

Plaintiffs also argue that in *Axelrod*, the plaintiffs agreed to limit class discovery from May 31, 2017 to August 30, 2022. Chen made his purchase on August 26, 2023, and that weighs against staying his claims in favor of *Axelrod*. In addition, although both Ham and Chen seek relief for violations of consumer protection statutes, their claims do not otherwise overlap.

Accordingly, although the Court concludes staying Lin and Hermanson's claims is warranted, the Court will permit Chen's claims to continue. The parties shall meet and confer and by March 8, 2024, shall a stipulation and proposed order with a date for a case management conference on Chen's claims

**IT IS SO ORDERED**.

Dated: February 27, 2024

_____
JEFFREY S. WHITE
United States District Judge