UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HERMANSON, et al., | Case No. 23-cv-05890-JSW |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY** |
| v. | Re: Dkt. No. 62 |
| LENOVO GROUP LIMITED, et al., | |
| Defendants. | |

Now before the Court for consideration is the motion to dismiss or to stay filed by Defendant Lenovo (United States), Inc. ("Lenovo"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for November 1, 2024, and GRANTS Lenovo's motion.

The Court will not repeat the background of this or the related litigation, which is set forth in its previous Order granting, in part, and denying, in part, Lenovo's first motion to stay. After the Court issued that Order, the Plaintiffs in the related *Axelrod* case sought – and obtained - discovery on "Est Value" on the basis that it was relevant to show Lenovo's deceptive advertising practices continued. According to Lenovo, Plaintiff Chen has not pursued discovery specific to his claims here. Chen and the *Axelrod* Plaintiffs have attempted to coordinate discovery. The *Axelrod* Plaintiffs also filed their motion for class certification, which Lenovo has opposed.

**ANALYSIS**

Lenovo again argues that this case should be stayed pending resolution of *Axelrod*. "After weighing the equities of the case, [a] district court may exercise its discretion to dismiss a

United States District Court
Northern District of California

United States District Court
Northern District of California

1  duplicative later-filed action, to stay that action pending resolution of the previously filed action,

2  to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dep't*

3  *of Health Servs.,* 487 F.3d 684, 688 (9th Cir. 2007).  Similarly, under the first-to-file rule, a district

4  court has the discretion "transfer, stay, or dismiss an action if a similar complaint has previously

5  been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir.

6  1991).

7     The Court considers the nature of the putative classes when considering whether to stay

8  one class action in favor of another.  *See, e.g., Iglesias v. Arizona Beverages USA, LLC,* No. 22-

9  cv-09108-JSW, 2023 WL 6795416, at *4 (N.D. Cal. Oct. 13, 2023) (court considers putative

10  classes).  To determine whether one case is "duplicative" of another case, courts use the four-

11  factor "transaction test developed in the context of claim preclusion." *Adams*, 487 F.3d at 689.

12  Lenovo continues to focus on whether this case and *Axelrod* "arise out of the same transactional

13  nucleus of facts." *Id.* (quoting *Costantini v. Transworld Airlines*, 681 F.2d 1199, 1201-02 (9th

14  Cir. 1982).)  Claims arise out of the "same transactional nucleus" when they "are related to the

15  same set of facts and … could conveniently be tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d

16  864, 871 (9th Cir.1992).  Under the first to file rule, "[t]o determine whether two suits involve

17  substantially similar issues, a court must look at whether there is 'substantial overlap' between the

18  two suits." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 797 F.3d 1237, 1241 (9th Cir.

19  2015).

20     As the Court previously concluded, the plaintiffs in *Axelrod* and Chen challenge the

21  allegedly misleading manner, in which Lenovo advertises the prices of products on its website.

22  Some of the claims do differ, and Chen purchased his product on August 26, 2023, which weighs

23  against staying claims for damages.  However, the Court has already stayed Hermanson and Lin's

24  claims, and Chen has not persuaded the Court that his proposed injunctive release class does not

25  significantly overlap with the injunctive relief requested in *Axelrod*.  The Court has considered the

26  subsequent developments in both cases and, in the exercise of its discretion, concludes that the

27  equities weigh in favor of staying Chen's claims pending a ruling on the *Axelrod* Plaintiffs'

28  motion for class certification.  At that time, the Court will consider whether the stay should be

lifted.

     **IT IS SO ORDERED**.

Dated: October 15, 2024

_____
JEFFREY S. WHITE
United States District Judge